IN THE DISTRICT COURT OF POTTAWATOMIE COUNTY
STATE OF OKLAHOMA

FILED IN THE DISTRICT COURT
OCT 15 2021
POTTAWATOMIE COUNTY, OK
VALERIE N. UELTZEN, COURT CLERK
BY_____ DEPUTY

| | |
|---|---|
| MISSION AIR SUPPORT, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: CJ-2021-300 |
| v. | ) |
| | ) |
| KSNL AERO, LLC, | ) |
| | ) |
| Defendant. | ) |

## PETITION

COMES NOW, Mission Air Support, Inc. (hereinafter referred to as "MAS") by and through its attorney of record, Chase McBride and Nicholas Atwood of the Ritchie, Rock, McBride & Atwood Law Firm, pursuant to 12 O.S. § 2003, for this Petition against the defendant KSNL Aero, LLC (hereinafter referred to as "KSNL") and states as follows:

### JURISDICITON

1) MAS is a properly registered business based in Virginia.
2) KSNL is a registered foreign limited liability company based in Pottawatomie County, Oklahoma.
3) The facts arising to this litigation occurred in Pottawatomie County, Oklahoma.
4) The asset at issue is currently located in Pottawatomie County, Oklahoma.
5) Pottawatomie County Oklahoma has subject matter jurisdiction.
6) Pottawatomie County, Oklahoma has personal jurisdiction.
7) Pottawatomie County, Oklahoma is the proper venue.
8) Oklahoma Law applies.

### STATEMENT OF FACTS

9) Plaintiff owns, sells and leases various types of aircrafts.
10) Plaintiff owns a Beechcraft King Air 200 aircraft with FAA Registration Number N32TP.
11) Plaintiff owns a Beechcraft King Air 200 aircraft with FAA Registration Number N970KR.
12) On or about May 7, 2021, both aircraft (N32TP & N970KR), relocated from Conroe, TX to Shawnee, OK, and flown to KSNL's facility located at the Shawnee Regional Airport.

**EXHIBIT 2**

13) Prior, both aircraft were in storage at the Conroe-North Houston Regional Airport.
14) On or about July 6, 2021, current managers of MAS were made aware of an e-mail from KSNL dated June 28, 2021 demanding payment for work done on both aircrafts.
15) On August 6, 2021, a representative of MAS traveled to Shawnee to meet with airport managers and the owner of another maintenance facility there entitled Red Cloud Aviation.
16) On August 9, 2021, MAS paid the requested amount by KSNL to release one of the aircraft (FAA Registration Number N970KR).
17) N970KR was released back to MAS by KSNL on August 12, 2021.
18) Once N970KR was back under control of MAS, the aircraft was towed to Red Cloud Aviation's Maintenance Facility for inspection.
19) The results of the inspection were given to MAS on August 14, 2021.
20) The inspection determined that aircraft N970KR did not meet the FAA's conformity and compliance rules to allow it to be placed on a 14CFR Part 135 Certificate, and that it was not acceptable to pilot nor release on a mission flight due to a plethora of issues outlined in a report released by Red Cloud Aviation. These additional findings require repairs, man hours, parts, and repeating of past compliance with CFRs, that have so far resulted in over $72,000 of additional costs to MAS, with expectation of continued costs until aircraft is repaired properly
21) Since the initial inspection of the aircraft and initial findings, FAA inspectors have been involved in reviewing the progress with Red Cloud Aviation on N970KR, to include the logbook entries for the aircraft, noting that the logbooks are likely inadequate to comply with an aircraft conformity inspection, and that the Phase 1 thru 4 Inspections for conformity previously done by KSNL, will need to be accomplished based on vague and incomplete entries related to those inspections. FAA reps also expressed concern over the condition of the landing gear that was allowed to be signed off as part of the completed inspection by KSNL.
22) On August 16, 2021, MAS representative traveled to the Shawnee airport to meet with Darrin Lofton of KSNL to view the remaining aircraft in their possession (N32TP), and to discuss work done and payments due.

23) At the August 16th meeting, MAS requested for the aircraft to be moved away from KSNL's facility, Mr. Lofton stopped communication and directed MAS to contact his lawyer who was there in KSNL's facility waiting, and demanded payment for work he had performed, work he would need to perform to put the aircraft together for towing, and storage fees.

24) Due to KSNL's lack of desire to discuss the problems and available options, and MAS having no legal representation of their own on site, MAS withdrew and was forced to leave the aircraft with KSNL.

25) MAS' concerns were heightened upon these findings, so much so that they filed a complaint with the Federal Aviation Administration related to the maintenance and business practices as well as concerns for safety of flight that was experienced with their N970KR aircraft.

26) These experiences have heightened MAS' concerns and gives caution as to their second aircraft (N32TP), still under the control and in possession of KSNL. As previously stated, MAS filed a report asking the Federal Aviation Administration to investigate these matters and to investigate KSNL's business and maintenance practices as it appeared to lack the required levels of compliance as outlined in the Code of Federal Regulations, resulting in the Federal Aviation Administration assigning report number FHIS-0046386 to the complaint.

## CLAIM I – REPLEVIN

27) The Plaintiff should recover the aircraft pursuant to 12 O.S. § 1571.
28) The Plaintiff is the owner of the aircraft N32TP and entitled to immediate possession
29) The property is being wrongfully detained by the Defendant.
30) The estimated value of the aircraft is $750,000
31) The Defendant does not have any judgment or valid lien known of against the Plaintiff.

## CLAIM II – LOSS OF REVENUE

32) The actions of KSNL have prevented MAS from being able to market for sale, lease, or use the aircraft in their course of business.
33) As a result, MAS has lost profits from the use of both aircrafts.

34) MAS is entitled to collect damages for all lost revenue due to the actions of KSNL.

## CLAIM III – NEGLIGENCE

35) KSNL owed a duty of care to MAS.

36) KSNL breached the duty.

37) As a result of KSNL's actions, MAS has suffered damages to both aircrafts.

## CLAIM IV – TRESPASS TO CHATTELS

38) KSNL interfered and meddled with the aircrafts owned by MAS.

39) The actions of KSNL were intentional.

40) MAS did not consent to the interference or meddling of the aircrafts.

41) As a result, MAS has suffered damages.

## CLAIM V – EQUITABLE RELIEF

42) KSNL has taken actions that have caused financial harm to MAS.

43) The financial harm may not be remedied under other claims.

44) MAS has suffered actual and calculable damages due to the actions of KSNL.

45) MAS should receive a judgment for any calculable damages that are not covered by other claims.

## CLAIM VI – CONCEALMENT & INSPECTION

46) 12 O.S. § 1571(C) prevents the concealment, damage, or destruction of property upon request of the Plaintiff.

47) MAS requests this Court prevent KSNL from concealing, damaging or destroying the property including any continued work on the aircraft.

48) MAS is entitled to an immediate inspection of the aircraft currently in possession of KSNL.

## CLAIM VII - INJUNCTIVE RELIEF

49) KSNL has demanded additional fees to put the aircraft back together prior to release.

50) By separate motion, MAS requests an injunction against KSNL from changing the condition of the plane in any manner, and an injunction to relief MAS from continuing storage fees brough about by KSNL's actions to render the aircraft immoveable.

WHEREFORE, Plaintiff requests this Court to award a judgment ordering the immediate return of the aircraft currently in possession of the Defendant, the Plaintiff to have immediate right to inspect the aircraft and asserted work, the prevention of the Defendant from tampering with the aircraft any further, entering a judgment in favor of the Plaintiff against the Defendant for all damages for the claims above along with attorney fees, costs and all other relief this Court finds equitable under law.

Ritchie, Rock, McBride & Atwood

_____
Chase McBride, JD/MBA, OBA No. 32061
Nicholas Atwood, OBA No. 22052
P.O. Box 246
Pryor, OK 74362
(888) 848-4558
cmcbride@rrmalaw.com
natwood@rrmalaw.com
**Attorney for Mission Air Support, Inc.**

## VERIFICATION

STATE OF VIRGINA  )
                 ) ss.
COUNTY OF Virginia )

I, Deanna Weld of lawful age, being first duly sworn, upon his oath, states as follows, to wit: That I am an authorized agent Mission Air Support, Inc. named in the foregoing pleading to which this verification and jurat are attached; that I have read the same and know of my own knowledge that the statements therein contained are true and correct.

_____
Affiant

Subscribed and sworn to before me this 15th day of October, 2021.

_____
Notary Public

My commission expires:
Nov 30, 2024

Angela G. Guy
Notary Public - ID 346814
Commonwealth of VA
My Com. Exps. Nov 30, 2024