## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISSION AIR SUPPORT, INC., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.:  CIV-21-1034-D |
| | ) |
| KSNL AERO, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT KSNL AERO, LLC'S
### ANSWER AND COUNTERCLAIM

Defendant KSNL Aero, LLC ("KSNL"), as and for its Answer to the Petition filed by Plaintiff Mission Air Support, Inc. ("Mission Air"), denies each and every allegation therein, except as may be specifically hereinafter admitted.  Further, KSNL asserts its counterclaim against Mission Air as alleged below.

### JURISDICTION

1.      KSNL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Petition, and therefore denies the same.

2.      KSNL admits the allegations set forth in Paragraph 2 of the Petition.

3.      KSNL admits that certain of the facts relating to this litigation occurred in Pottawatomie County, Oklahoma.  KSNL denies the remaining allegations set forth in Paragraph 3 of the Petition.

1

4.     KSNL admits that one of the aircraft at issue is currently located in Pottawatomie County, Oklahoma.  KSNL denies the remaining allegations set forth in Paragraph 4 of the Petition.

5.     KSNL admits that this Court has subject matter jurisdiction over this dispute. KSNL denies the remaining allegations set forth in Paragraph 5 of the Petition.

6.     KSNL admits that this Court has personal jurisdiction over the parties to this dispute.  KSNL denies the remaining allegations set forth in Paragraph 6 of the Petition.

7.     KSNL admits that this Court is the proper venue for this dispute.  KSNL denies the remaining allegations set forth in Paragraph 7 of the Petition.

8.     The allegations in Paragraph 8 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

## STATEMENT OF FACTS

9.     KSNL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Petition, and therefore denies the same.

10.    KSNL admits the allegations set forth in Paragraph 10 of the Petition.

11.    KSNL admits the allegations set forth in Paragraph 11 of the Petition.

12.    KSNL admits the allegations set forth in Paragraph 12 of the Petition.

13.    KSNL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Petition, and therefore denies the same.

14.    KSNL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Petition, and therefore denies the same.

15.     KSNL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Petition, and therefore denies the same.

16.     KSNL admits the allegations set forth in Paragraph 16 of the Petition.

17.     KSNL admits the allegations set forth in Paragraph 17 of the Petition.

18.     KSNL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Petition, and therefore denies the same.

19.     KSNL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Petition, and therefore denies the same.

20.     KSNL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Petition, and therefore denies the same.

21.     KSNL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Petition, and therefore denies the same.

22.     KSNL admits that, on or around August 16, 2021, individuals purporting to be Mission Air representatives met with Darrin Lofton of KSNL at the Shawnee airport. KSNL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Petition, and therefore denies the same.

23.     KSNL admits that, on or around August 16, 2021, KSNL and counsel for KSNL met with individuals purporting to be Mission Air representatives.  KSNL further admits that, at the same meeting, KNSL demanded payment for authorized and completed work on aircraft N32TP, storage and equipment fees for aircraft N32TP, and fees associated with towing aircraft N32TP after KSNL received proper payment from Mission

3

Air.  KSNL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Petition, and therefore denies the same.

24.     KSNL admits that Mission Air did not pay KSNL amounts due and owing, and as a result, aircraft N32TP remained with KSNL.  KSNL denies that it lacked desire to discuss "problems and available options," and affirmatively states that it continued discussions with individuals purporting to be Mission Air representatives for months after the meeting that occurred on or about August 16, 2021, including up to the date of this filing.  KSNL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Petition, and therefore denies the same.

25.     KSNL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Petition, and therefore denies the same.

26.     KSNL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Petition, and therefore denies the same.

## CLAIM I – REPLEVIN

27.     The allegations in Paragraph 27 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

28.     The allegations in Paragraph 28 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

29.     The allegations in Paragraph 29 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

30.     KSNL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Petition, and therefore denies the same.

31.     The allegations in Paragraph 31 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

## CLAIM II – LOSS OF REVENUE

32.     The allegations in Paragraph 32 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

33.     The allegations in Paragraph 33 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

34.     The allegations in Paragraph 34 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

## CLAIM III – NEGLIGENCE

35.     The allegations in Paragraph 35 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

36.     The allegations in Paragraph 36 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

37.     The allegations in Paragraph 37 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

## CLAIM IV – TRESPASS TO CHATTELS

38.     The allegations in Paragraph 38 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

39.     The allegations in Paragraph 39 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

40.     The allegations in Paragraph 40 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

41.     The allegations in Paragraph 41 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

## CLAIM V – EQUITABLE RELIEF

42.     The allegations in Paragraph 42 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

43.     The allegations in Paragraph 43 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

44.     The allegations in Paragraph 44 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

45.     The allegations in Paragraph 45 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

## CLAIM VI – CONCEALMENT & INSPECTION

46.     The allegations in Paragraph 46 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

47.     The allegations in Paragraph 47 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

48.     The allegations in Paragraph 48 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

## CLAIM VII – INJUNCTIVE RELIEF

49.     KSNL denies the allegations set forth in Paragraph 49 of the Petition.

50.     The allegations in Paragraph 50 of the Petition state legal conclusions, to which no response is required.  To the extent a response is required, KSNL denies the same.

KSNL denies Mission Air is entitled to any of the relief set forth in the Petition, including, without limitation, the relief requested in the final paragraph of Mission Air's Petition.

## AFFIRMATIVE DEFENSES

KSNL, by and through its undersigned counsel, asserts the following affirmative defenses against Mission Air's claims.  Inclusion of these affirmative defenses does not imply that KSNL bears the burden of proof or production on any of these affirmative defenses, and those burdens will be consistent with those under applicable law.  KSNL reserves the right to assert any and all additional affirmative defenses as may be appropriate based upon case development and discovery.

1.     Mission Air fails to state a claim.

2.     KSNL did not breach any legal duty owed to Mission Air.

3.     To the extent that a contract may have existed between KSNL and Mission Air, Mission Air breached that contract by actions including, but not limited to, failing to make required payments for authorized and completed work to KSNL.

4.     Mission Air has not suffered damages as a result of any conduct by KSNL.

5.     Mission Air's alleged damages are the result of Mission Air's own contributory negligence and/or contributory fault.

6.     Mission Air's claims are barred by the doctrine of unclean hands.

7.     Mission Air's claims are barred by the principles of unjust enrichment.

7

8.     Any amount allegedly recoverable by Mission Air is subject to setoff or offset.

9.     Mission Air failed to mitigate its alleged damages.

10.    Mission Air's claims are barred by the doctrines of waiver and estoppel.

11.    Mission Air's claims are barred by the doctrine of laches and the statute of limitations.

12.    KSNL is entitled to retain possession of the aircraft as a result of its valid and perfected possessory lien on the aircraft.

13.    One or more of Mission Air's claims fail as a matter of law.

## KSNL'S COUNTERCLAIM AGAINST MISSION AIR

KSNL, for its counterclaim against Plaintiff Mission Air, alleges and states as follows:

## BACKGROUND

1.     KSNL is engaged in the business of inspecting and repairing aircraft and has a repair facility at the Shawnee Regional Airport in Shawnee, Oklahoma.

2.     In approximately May of 2021, Mission Air requested that KSNL perform certain inspections and repairs on two aircraft, Federal Aviation Administration ("FAA") Registration Number N32TP and FAA Registration Number N970KR

3.     Mission Air representatives stated that Mission Air wanted KSNL to perform the requested inspections and repair so that the aircraft could be placed on a 14 CFR Part 135 Certificate, allowing the aircraft to be used as part of an airline for commercial flights.

4.      Mission Air representatives, including, but not limited to, Mission Air's owner, Gary Bannister, approved and authorized KSNL to perform the inspections and repairs.

5.      Based on the agreement to inspect and repair both aircraft, both aircraft were relocated from Conroe, Texas to KSNL's repair facility in Shawnee, Oklahoma.

6.      KSNL properly completed the authorized inspection and repair work on both aircraft, until approximately June 15, 2021, when individuals purporting to be Mission Air representatives instructed KSNL to cease work.

7.      KSNL made demand to Mission Air for payment.

8.      Mission Air resisted this demand.

9.      Mission Air eventually paid KSNL for the authorized work to aircraft N970KR, and KSNL released aircraft N970KR to Mission Air.

10.      On August 9, 2021, KSNL filed a personal property lien statement (the "Lien") against aircraft N32TP with the County Clerk for Pottawatomie County in the amount of $51,542.35 for storage, rental space, labor, money, material, skill, and/or supplies furnished on aircraft N32TP on Mission Air's behalf.  A true and correct copy of the Lien is attached hereto as **Exhibit 1**.

11.      KSNL also filed the Lien with the FAA.

12.      Mission Air still refuses to pay KSNL for the authorized work to aircraft N32TP.

13.      By its Petition, Mission Air now incorrectly alleges that the work completed by KSNL on aircraft N970KR is not in compliance with FAA standards and the aircraft

needs further third-party repair.  Additionally, by its Petition, Mission Air states it filed a complaint with the FAA regarding KSNL's maintenance and business practices.

14.     Mission Air's complaint and allegations regarding KSNL's work on both aircraft are meritless and wrongly put KSNL's FAA repair license at risk.

15.      As of the date of this pleading, KSNL has not been able to review the complaint Mission Air states it filed with the FAA.

## COUNT I – BREACH OF CONTRACT

16.     KSNL incorporates the allegations in Paragraphs 1 through 15 as if fully set forth herein.

17.     KSNL and Mission Air agreed that KSNL would perform certain work on two aircraft owned by Mission Air.

18.     KSNL fulfilled its obligations under this agreement by performing the authorized work on both aircraft.

19.     As set forth above, Mission Air breached its obligations under this agreement by failing to pay KSNL for the authorized work on aircraft N32TP.

20.     KSNL has been damaged as a result of Mission Air's breach.

21.     These damages include at least the amount due and owing KSNL for parts and labor for aircraft N32TP, continuing storage and equipment fees for aircraft N32TP, and lost profits based on KSNL's inability to repair other aircraft due to its continued storage of aircraft N32TP in its repair facility.

22.     As of the date of this filing, the above-referenced amounts total more than $151,477.63.

## COUNT II – LIEN FORECLOSURE

23.     KSNL incorporates the allegations in Paragraphs 1 through 22 as if fully set forth herein.

24.     KSNL's Lien against aircraft N32TP is a valid and perfected lien.

25.     Mission Air has defaulted on its obligations to KSNL by failing to pay KSNL for the authorized work on aircraft N32TP.

26.     Mission Air is indebted to KSNL and has failed and refused to pay that indebtedness.

27.     As a result, KSNL is entitled to have the validity and priority of its Lien against aircraft N32TP determined by this Court.

28.     Further, KSNL is entitled to foreclose its Lien against aircraft N32TP.

WHEREFORE, KSNL Aero, LLC respectfully requests that this Court:

A.     Enter a money judgment against Mission Air Support, Inc. granting KSNL, Aero, LLC all damages based on Mission Air Support, Inc.'s breach, including the amount due and owing KSNL for the authorized work on aircraft N32TP, continuing storage and equipment fees for aircraft N32TP, and lost profits based on KSNL's inability to repair other aircraft due to its continued storage of aircraft N32TP in its repair facility;

B.     Enter a judgment *in rem*:

1. Determining that KSNL Aero, LLC's Lien against aircraft N32TP is a valid and perfected lien;

2. Determining that KSNL Aero, LLC's Lien against aircraft N32TP is first, prior to, and superior to the interest of all other parties; and

      3.   Ordering that KSNL Aero, LLC's Lien against aircraft N32TP be foreclosed;

C.     Enter a money judgment against Mission Air Support, Inc. granting KSNL Aero, LLC its attorneys' fees, costs, and interest in this matter; and

D.     Enter an order granting KSNL Aero, LLC such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Joshua D. Burns
Joshua D. Burns, OBA # 32967
Margaret M. Sine, OBA # 34024
**CROWE & DUNLEVY, PC**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
joshua.burns@crowedunlevy.com
meg.sine@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT
KSNL AERO, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 10, 2021, I electronically transmitted the above and foregoing instrument for filing and for transmittal of a Notice of Electronic Filing through the CM/ECF system to all ECF registrants in this case as follows:

Chase McBride, cmcbride@rrmalaw.com
Nicholas Atwood, natwood@rrmalaw.com

**Counsel for Plaintiff/Counterclaim Defendant**

/s/ Joshua D. Burns
Joshua D. Burns