UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISSION AIR SUPPORT, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: CIV-21-1034-D |
| v. | ) |
| | ) |
| KSNL AERO, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR
<u>PRELIMINARY INJUNCTIVE RELIEF & INSPECTION</u>**

COMES NOW, the Plaintiff, Mission Air Support, Inc., (hereinafter referred to as "MAS"), by and through its attorneys of record, Chase McBride and Nicholas Atwood, of the Ritchie, Rock, McBride & Atwood Law Firm, for this Application for Preliminary Injunctive Relief and Inspection and states as follows:

<u>OVERVIEW</u>

1. This Application is filed pursuant to Rule 65 of the Federal Rules of Civil Procedure requesting that the Defendant be temporarily commanded to immediately stop tampering, repairing, touching, working or moving MAS's Beechcraft King Air 200 N32TP.

2. MAS has filed a lawsuit in conjunction with this Application against the Defendant for various business torts and breach of contract.

3. Initially the action was filed in Pottawatomie County, State of Oklahoma, District Court but was removed to the Western District of Oklahoma United States District Court by the Defendant.

4. MAS will likely be meritorious on the merits of the case as shown below and read in conjunction with the Petition.

5. If immediate injunctive relief is not granted, MAS will suffer significant injury and damages.

6. The injury that MAS would suffer substantially outweighs the harm of the Defendant if the injunction if granted as granting the injunction would maintain the status quo.

7. An injunction of this type is in the public's best interest as it helps to enforce lawful contracts and business practice and to deter unlawful and unethical business practices.

## STATEMENT OF FACTS

MAS adopts the facts alleged in the Petition but for purposes of this Application further allege the following:

8. Defendant, KSNL Aero, LLC, (hereinafter referred to as "KSNL"), is currently in possession of MAS's Beechcraft King Air 200 N32TP aircraft located in Pottawatomie County, Oklahoma.

9. The Beechcraft King Air 200 N32TP aircraft, last known to MAS, is partially disassembled.

10. KSNL has previously performed inadequate work on one of MAS's Beechcraft King Air 200 N970KR aircraft resulting in extra damages, costs the aircraft failing inspection and not deemed airworthy.

11. The KSNL has threatened to charge MAS additional fees to reassemble the aircraft, and threats of continuing to charge storage fees for an aircraft KSNL have prevented from moving.

12. MAS is concerned the KSNL will continue working on the aircraft and to put the aircraft back together, that may result in greater harm being caused to the aircraft.

13. MAS filed a replevin action in this case to recover the Beechcraft King Air 200 N32TP.

14. MAS should be able to immediately inspect their property to determine the aircraft's current condition, by means of hiring a qualified inspector/mechanic to inspect the condition of the aircraft and confirm work asserted to be done by KSNL.

15. KSNL should immediately be prohibited from working on, moving, touching, assembling or in any way tampering with the aircraft as it may result in further damage.

## ARGUMENT & AUTHORITY

The Court should grant the MAS' Application for Preliminary Injunction and Inspection as it will maintain the status quo through this litigation and without the injunction, and MAS' aircraft may be harmed further.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, a party may make an application for preliminary injunction. Preliminary injunction is an extraordinary remedy never awarded as of right. In each instance, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." When making their decision, courts should use sound discretion and "pay particular regard for the public consequences in employing the extraordinary remedy of injunction."

Since a preliminary injunction is an extraordinary remedy, the applicant's right to the relief must be clear and unequivocal. The United States Supreme Court set forth a four-

part balancing test when determining if preliminary injunction is appropriate. To obtain a preliminary injunction the movant must show "(1) is substantial likelihood of prevailing on the merits; (2) it will suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest."

1. *Likelihood of Success on the Merits*

A party seeking a preliminary injunction must demonstrate that they are likely to succeed on the merits of the underlying cause of action. MAS is highly likely to be meritorious in its civil lawsuit against the KSNL. While this Application is not the proper forum to try the facts of this case, the Court should note the following specific facts that strikingly stand out against KSNL:

1. KSNL has previously returned one of MAS's aircrafts where it was discovered after the work was completed and paid for, the aircraft was deemed unworthy to fly and failed inspection for certification.
2. KSNL has already expressed additional unwarranted charges planned to be charged to the MAS in addition to unreasonable storage fees for the aircraft.
3. MAS filed a replevin action against KSNL to recover the Beechcraft King Air 200 N32TP aircraft.

Replevin statutes prevent a party from concealing property. In the State of Oklahoma, a district court, at the request of the plaintiff, order a defendant "not to conceal, damage or destroy the property or a part thereof and not to remove the property or a part thereof from the state or county, pending the hearing on plaintiff's request for an order for

the prejudgment delivery of the property, and said order may be served with the summons."

In its initial filing in Pottawatomie County District Court, State of Oklahoma, MAS filed a replevin cause of action. MAS assert that it should be allowed to recover the Beechcraft King Air 200 N32TP aircraft pursuant to OKLA. STAT. TIT. 12 § 1571(C) as the property is wrongfully detained by KSNL. The approximate value of the Beechcraft King Air 200 N32TP aircraft is Seven Hundred Fifty Thousand and 00/100 Dollars ($750,000.00).

MAS is the rightful owner of the Beechcraft King Air 200 N32TP. KSNL does not have any ownership interest in the aircraft and instead is using it as a matter to force payment for alleged work performed although it never attained rightful permission to work on the aircraft nor was there any agreement as to the fees for the alleged work or storage expenses. As such, MAS is highly likely to succeed in its underlying cause of action against KSNL.

2.  *Likelihood of Irreparable Harm*

The party seeking preliminary injunction must establish that irreparable harm is likely if the court does not grant the preliminary injunction. This requires evidence of a "real and immediate threat of future injury by the defendant."

In early May 2021, two Beechcraft King Air Aircrafts owned by MAS were moved from Conroe, Texas, to KSNL's facility in Shawnee, Oklahoma. MAS cannot find nor do they believe that there are any documents, contracts or approvals from MAS that authorize any work to be performed on the aircrafts by KSNL. On or around July 6, 2021, MAS was

made aware of an email previously sent by KSNL employee Darrin Lofton demanding payment for work completed on the Beechcraft King Air 200 N970KR.

MAS attempted to reach out to Mr. Lofton but that attempt was futile. KSNL refused to release the aircraft and demanded excessive and arbitrary storage fees in the amount of Five Hundred and 00/100 Dollars ($500.00) per day that was never agreed to by MAS. As it quickly became evident that KSNL would not be reasonable, MAS paid KSNL for the worked performed on the Beechcraft King Air 200 N970KR on August 9, 2021. MAS made this payment to secure possession of the aircraft although KSNL had never been authorized or had approvals to perform work on the aircraft and charged excess rates and fees.

On August 12, 2021, MAS secured the release of the aircraft from KSNL. Upon gaining possession of the Beechcraft King Air 200 N970KR, MAS immediately had the aircraft towed from KSNL to Red Cloud Aviated located at the Shawnee Regional Airport in Shawnee, Oklahoma, for a maintenance inspection. On August 14, 2021, MAS received the initial inspection report regarding the Beechcraft King Air 200 N970KR and was informed of many alarming and concerning issues with the aircraft. The aircraft was deemed unworthy to fly and failed the necessary inspection for certification in which KSNL alleged to perform work on the aircraft to ensure certification. This resulted in MAS having to have further work performed to repair the inadequate work performed by KSNL before the aircraft was deemed functional and safe.

During this same period, KSNL demanded payment for the Beechcraft King Air 200 N32TP aircraft. On August 16, 2021, MAS officials were on cite at the Shawnee

Regional Airport to meet with the Airport Authority and Red Cloud Aviation who performed the inspection on the Beechcraft King Air 200 N970KR. Additionally, MAS officials met with Mr. Lofton from KSNL regarding its possession of the Beechcraft King Air 200 N32TP aircraft and its release. Upon entering KSNL's facility, MAS was met by Mr. Lofton who showed the Beechcraft King Air 200 N32TP to MAS officials Deanna Weld and Colon Miller. Mr. Miller and Mrs. Weld observed that KSNL had removed and disassembled all of the landing gear and its components. Immediately MAS requested that the aircraft be reassembled. Instead of any further discussion, Mr. Lofton walked away from Mr. Miller and Mrs. Weld and asked that he meet with KSNL's lawyer for further discussion regarding the aircraft. MAS demanded a current invoice for work performed and instructed that the aircraft be put back together enough to be towed from KSNL's facility. Mr. Lofton then stated that he would not be agreeable to MAS' request and demanded continued payment for work he alleged that was performed on the Beechcraft King Air 200 N32TP to date, back storage fees, and to then determine the cost for KSNL to put the aircraft back together.

      MAS' Beechcraft King Air 200 N32TP airplane is intentionally being held hostage by KSNL. As such, MAS must immediately inspect the condition of the aircraft. Without the inspection, MAS will never know the current condition of the aircraft or any tampering or damage that is caused by the KSNL. This harm would not be calculable unless known through an immediate inspection.

3.      <u>*Balance of Equities and Hardships*</u>

Once the party making application for preliminary injunction has established that they are likely to succeed on the merits and that irreparable harm is likely to occur without injunction, they must then show that the balance of both equites and hardship is in their favor. The balancing test is more than weighing the pros and cons of the proposed preliminary injunction. The court must weigh the equities in the movant obtaining the preliminary injunction against the hardship that the injunction would place on the defendant.

In the instant case, MAS is simply requesting that KSNL not further tamper with the Beechcraft King Air 200 N32TP aircraft and be permitted to immediate inspection of their property in which KSNL is holding hostage. KSNL will not suffer any harm by allowing the inspection of the Beechcraft King Air 200 N32TP airplane or being prevented from tampering with the plane. KSNL has unjustly possessed the Beechcraft King Air 200 N32TP airplane since early May 2021. KSNL cannot point to any harm it will suffer as a result of being prevented from further tampering of the Beechcraft King Air 200 N32TP airplane and allowing MAS to immediate inspection of the aircraft.

4.   *Public Interest*

The application for preliminary injunction must show that the injunction is in the public interest. To assist in the public interest inquiry, courts can look at the statute at issue for guidance. For example, in *Amoco Production v. Village of Gambell*, the United States Supreme Court determined that the public interest promoted by the Alaska National Interest Lands Conservation Act was "to protect Alaskan subsistence resources from unnecessary destruction," rather than preventing the actions that the plaintiff sought to

enjoin. The public interest in this case is small, however, in the interest of airplane and flight safety it is in the public interest to allow the inspection of anyone's property that is being held by a mechanic. This is especially as it relates to aircrafts. Aircrafts requires highly specialized mechanical maintenance in order for the aircraft to work properly and ensure safe flight. Allowing for an aircraft to not be properly maintained jeopardizes the public's safety.

WHERFORE, the Plaintiff, Mission Air Support, Inc., requests this Court grant its Application for Preliminary Injunction and enter an immediate Temporary Injunction restraining the Defendant, KSNL Aero, LLC, from tampering with the Beechcraft King Air 200 N32TP aircraft and permitting the Plaintiff or an independent third-party appointed by this Court to immediate inspect of the aircraft to assess the current condition, and awarding the Plaintiff with attorney fees and costs and any other relief this Court deems just and proper.

**Ritchie, Rock, McBride & Atwood**

*s/ Chase McBride*   -
_____
Chase McBride, OBA No. 32061
Nicholas Atwood, OBA No. 22052
Post Office Box 246
Pryor, OK 74362
(888) 848-4558
cmcbride@rrmalaw.com
natwood@rrmalaw.com
**Attorney for Mission Air Support, Inc.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 10, 2021, I electronically transmitted the attached document to the Clerk of the Court using eh ECF System for filing and a copy of this filing was transmitted to the following ECF participants:

Joshua D. Burns
Margaret M. Sine
Crowe & Dunlevy, PC
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
joshua.buyrns@crowedunlevy.com
meg.sine@crowedunlevy.com
**Attorney for Defendant**
**KSNL Aero, LLC**

            *s/ Chase McBride -*
            _____
            Chase McBride / Nicholas Atwood