# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MISSION AIR SUPPORT, INC.** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:21-cv-1034-D |
| | ) |
| **KSNL AERO, LLC,** | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER

COMES NOW, Plaintiff Mission Air Support, Inc. (hereinafter referred to as "MAS"), by and through its attorneys of record, Chase McBride and Nick Atwood, of Ritchie, Rock, McBride and Atwood, for the appointment of receiver over personal property and assets in the possession of Defendant, KSNL Aero, LLC (hereinafter "KSNL"). In support of this Motion, MAS would state the following:

### INTRODUCTION

This Application is filed pursuant to Rule 66 of the Federal Rules of Civil Procedure requesting that a receiver be appointed to gain possession of the Beechcraft King Air 200 N32TP aircraft belonging to MAS. Prior to the filing of this suit, MAS had made numerous attempts to obtain and/or retrieve the Beechcraft King Air 200 N32TP from KNSL, but to no avail.

KSNL has previously performed inadequate work on one of MAS's Beechcraft King Air 200 N970KR aircraft resulting in extra damages, costs the aircraft failing inspection and not deemed airworthy.

If a receiver is not appointed, MAS contends it will suffer and/or there is a great possibility it will suffer further damage to its property. The appointment of a receiver outweighs any costs.

## STATEMENT OF FACTS

1. Defendant, KSNL Aero, LLC, (hereinafter referred to as "KSNL"), is currently in possession of MAS's Beechcraft King Air 200 N32TP aircraft located in Pottawatomie County, Oklahoma.

2. The Beechcraft King Air 200 N32TP aircraft, last known to MAS, is partially disassembled.

3. KSNL has previously performed inadequate work on one of MAS's Beechcraft King Air 200 N970KR aircraft resulting in extra damages, costs the aircraft failing inspection and not deemed airworthy.

4. The KSNL has threatened to charge MAS additional fees to reassemble the aircraft, and threats of continuing to charge storage fees for an aircraft KSNL have prevented from moving.

5. MAS is concerned the KSNL will continue working on the aircraft and to put the aircraft back together, that may result in greater harm being caused to the aircraft.

6. MAS requests a receiver be appointed to handle, inspect and/or allow inspection of the Beechcraft King Air 200 N32TP.

## ARGUMENT

### I. The Appointment of a Receiver is Appropriate

As Referenced above, Mission Air requests a receiver be appointed over

personal property and assets, in possession of Defendant, KSNL Aero, LLC. Fed. R. Civ. Pro. Rule 66 governs appointment of receivers in federal actions.

> While no precise formula exists to determine when a receiver should be appointed, courts generally consider the following factors in making such a determination: (1) whether the movant has a valid claim; (2) whether there is an immediate danger that the property will be harmed or lost; (3) whether legal remedies are adequate; (4) whether some less drastic legal remedy is sufficient; (5) whether there is fraudulent conduct or the possibility of fraudulent conduct on the part of the non-movant; (6) whether it is probable that the appointment of the receiver will be more beneficial than harmful; and (7) whether the movants will actually be in a better position by the appointment.

*Cox v. Sullivan*, No. 14-CV-206-TCK-FHM, 2015 WL 5040039, at *1 (N.D. Okla. Aug. 26, 2015)(citing accord *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993)); see also *Big Cat Rescue Corp. v. G.W. Exotic Animal Mem'l Found.*, NO. CIV-14-377-C, 2016 WL 11594639, at *1 (W.D. Okla. Mar. 14, 2016), vacated, No. CIV-14-377-M, 2017 WL 3944291 (W.D. Okla. Sept. 7, 2017)(adopting *Aviation Supply Corp.* factors in assessing propriety of appointment of receiver.)

The facts of this dispute are ripe for appointment of a receiver and the relevant factors will be taken in turn:

**First**, KSNL is in possession of personal property, a Beechcraft King Air 200 N32TP, belonging to MAS. Despite numerous attempts by MAS, KSNL has refused to release and/or allow MAS to inspect its property. Clearly, MAS has valid interest in receiving its property back, which would allow it to continue operating its business.

**Second**, KSNL had previously performed inadequate on an aircraft belonging to MAS, which required MAS to incur additional expenses to have a third party correct the inadequacies. KSNL has complete control of the Beechcraft King Air 200 N32TP and has

the ability to continue performing work on the aircraft. MAS definitely faces immediate danger that property will be lost or harmed based upon KNSL past actions as well as its previous actions.

**Third**, based upon KSNL's past conduct, other remedies are not adequate to ensure further damage does not take place to MAS' property.

**Fourth**, less drastic measures have been pursued by MAS over the past months as it has attempted to obtain possession of the Beechcraft King Air 200 N32TP through negotiations and other means. Those attempts have proved unsuccessful.

**Fifth**, based upon KSNL past conduct in inadequately performing work on another of MAS' aircraft and based upon KSNL's actions in this matter, clearly this fraudulent conduct transpiring or in the alternative this is the possibility of fraudulent conduct on KSNL's behalf.

**Sixth**, although MAS recognizes there will be some additional expenses incurred by the appointment of a receive, MAS contends that have a receiving obtain possession of its property to ensure further damages does not transpire outweighs any costs associated with the appointment of a receiver.

**Seventh**, with the appointment of a receiver, MAS can ensure that its property is properly secure and safe from and conduct or activity that could possibly result in further damages.

## CONCLUSION

MAS would respectfully ask the Court to appoint a receiver in this matter to gain and hold possession of the Beechcraft King Air 200 N32TP aircraft and inspect and/or

allow for the inspection of the property by MAS.

Respectfully,

*S/Nicholas Atwood -*
_____
Chase McBride, OBA No. 32061
Nicholas Atwood, OBA No. 22052
Ritchie, Rock, McBride & Atwood Law Firm
P.O. Box 246
Pryor, OK 74362
Phone:  (918) 825-4558
Fax:      (918) 825-1623
**Attorneys for Mission Air Support, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, I electronically transmitted the attached document to the Clerk of the Court using eh ECF System for filing and a copy of this filing was transmitted to the following ECF participants:

Joshua D. Burns
Margaret M. Sine
Crowe & Dunlevy, PC
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
joshua.buyrns@crowedunlevy.com
meg.sine@crowedunlevy.com
**Attorney for Defendant**
**KSNL Aero, LLC**

*s/ Nicholas Atwood -*
_____
Chase McBride / Nicholas Atwood