## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MISSION AIR SUPPORT, INC.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:21-cv-01034-D |
| | ) |
| **KSNL AERO, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## ANSWER TO COUNTERCLAIMS

COMES NOW, Plaintiff, Mission Air Support, Inc. (hereinafter referred to as "MAS"), by and through its attorneys of record, Chase McBride and Nick Atwood, of Ritchie, Rock, McBride and Atwood, for this Answer to the Counterclaims filed by KSNL Aero, LLC (hereinafter referred to as "KSNL") pursuant to Federal Rule 7(a)(3) states as follows:

### *PARTIES, JURISIDCITON, VENUE*

1. MAS Admits paragraph one (1) of the Counterclaim.

2. MAS lacks sufficient knowledge to properly respond to Paragraph two (2) of the Counterclaim, therefore denies at this time.

3. MAS lacks sufficient knowledge to properly respond to paragraph three (3) of the Counterclaim, therefore denies at this time.

4. MAS lacks sufficient knowledge to properly respond to paragraph four (4) of the Counterclaim, therefore denies at this time.

5. MAS admits both aircrafts were relocated from Conroe, Texas to KSNL's repair facility in Shawnee, Oklahoma. MAS lacks sufficient knowledge to properly respond the remainder of

1

paragraph five (5) of the Counterclaim, therefore denies the move was based on any agreement to inspect or repair.

6. MAS Denies paragraph six (6) of the Counterclaim.

7. MAS Admits paragraph seven (7) of the Counterclaim.

8. MAS Admits Paragraph eight (8) of the Counterclaim.

9. MAS Admits it paid KSNL in order to have aircraft N970KR released from the possession of KSNL but denies it was for authorized work as stated in Paragraph nine (9) of the Counterclaim.

10. MAS Admits Paragraph ten (10) of the Counterclaim.

11. MAS Admits Paragraph eleven (11) of the Counterclaim.

12. MAS Admits it refuses to pay KSNL additional amount but denies KSNL was authorized to work on N32TP as alleged in paragraph twelve (12) of the Counterclaim.

13. MAS admits that the Complaint makes the allegations stated in paragraph thirteen (13) of the Counterclaim but denies that the allegations are incorrect.

14. MAS denies Paragraph fourteen (14) of the Counterclaim.

15. MAS lacks sufficient knowledge to properly respond to paragraph fifteen (15) of the Counterclaim, therefore denies at this time.

## COUNT I – BREACH OF CONTRACT

16. Paragraph sixteen (16) does not contain any new factual allegations. MAS adopts all previous admissions and denials.

17. MAS denies Paragraph seventeen (17) of the Counterclaim.

18. MAS denies Paragraph eighteen (18) of the Counterclaim.

19. MAS denies Paragraph nineteen (19) of the Counterclaim.

20. MAS denies Paragraph twenty (20) of the Counterclaim.

21. MAS denies Paragraph twenty-one (21) of the Counterclaim.

22. MAS denies Paragraph twenty-two (22) of the Counterclaim.

## COUNT II – LIEN FORECLOSURE

23. Paragraph twenty-three (23) does not contain any new factual allegations. MAS adopts all previous admissions and denials.

24. MAS denies Paragraph twenty-four (24) of the Counterclaim.

25. MAS denies Paragraph twenty-five (25) of the Counterclaim.

26. MAS denies Paragraph twenty-six (26) of the Counterclaim.

27. MAS denies Paragraph twenty-seven (27) of the Counterclaim.

28. MAS denies Paragraph twenty-eight (28) of the Counterclaim.

## MISSION AIR SUPPORT, INC.'S AFFIRMATIVE DEFENSES

Defendant, MAS, for its affirmative Defenses to the complaint alleges and states as follows:

1. The Parties Lack of meeting of the minds.

2. Mistake.

3. Undue influence.

4. Unconscionability.

5. Misrepresentation or fraud.

6. Impossibility or impracticability.

7. Statute of frauds.

8. Estoppel.

9. Laches.

10. Waiver.

11. Failure to Perform.

12. Void or voidable contract.

13. Lack of Damages.

WHEREFORE, the Plaintiff, Mission Air Support, Inc., hereby requests this Court to deny the claims set forth in the Counterclaim and award Mission Air Support, Inc. with attorney fees, court costs, and all other equity this Court deems just and proper.

Respectfully submitted,

s/Chase McBride_____
Chase McBride, JD/MBA
Attorney at Law, OBA # 32061
*Ritchie, Rock, McBride & Atwood Law Firm*
P.O. Box 246
Pryor, Oklahoma 743612
Ph: 918- 825-4558
Fax: 918 – 825-1623
E-Mail: CMcBride@RRMALaw.com
Attorney for Mission Air Support, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Joshua D. Burns
Margaret M. Sine

s/ Chase McBride_____
Chase McBride