## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MISSION AIR SUPPORT, INC.     )
                                  )
      Plaintiff,            )
                                  )
v.                              )        CIV-21-1034-D
                                  )
KSNL AERO, LLC,          )
                                  )
      Defendant.       )

## ORDER

Before the Court is Plaintiff's Motion for Preliminary Injunctive Relief and Inspection [Doc. No. 7]. The motion seeks an order pursuant to Fed. R. Civ. P. 65 temporarily enjoining Defendant from tampering with an aircraft owned by Plaintiff and permitting an inspection of the aircraft to assess its current condition. Defendant has responded in opposition [Doc. No. 12] and the matter is now at issue.[1]

## BACKGROUND

Plaintiff Mission Air Support, Inc. ("MAS") owns, sells, and leases various types of aircraft, including a Beechcraft King Air 200 N32TP that is at the heart of this dispute. *See* Petition [Doc. 1-2] ¶ 9. On May 7, 2021, MAS flew the aircraft to a repair facility operated by Defendant KSNL Aero, LLC ("KSNL"). *Id*. at ¶ 12; Counterclaim [Doc. No. 6] ¶ 1.

MAS asserts that while the aircraft was at the facility, it discovered that KSNL performed inadequate maintenance work on another aircraft owned by MAS. Petition ¶¶ 16-21. As a result of this discovery, MAS requested that the aircraft be moved from

---

[1] MAS did not file a reply brief.

KSNL's facility, but KSNL refused unless MAS paid for the work already completed. *Id.* at ¶ 23. MAS further asserts that KSNL was never authorized to perform work on the aircraft and that it is currently partially disassembled. Pl.'s Br. at 7. Unable to resolve the dispute, MAS sued KSNL in state court for Replevin, Loss of Revenue, Negligence, Trespass to Chattels, Equitable Relief, and Concealment and Inspection. *See* Petition. KSNL removed the case to federal court pursuant to 28 U.S.C. § 1332. *See* Notice of Removal [Doc. No. 1].

For its part, KSNL asserts that MAS requested that KSNL perform certain inspections and repairs on the aircraft, KSNL did so, and MAS simply refuses to pay. Def.'s Br. 1-2. It further asserts that is has perfected a lien against the aircraft based on MAS's failure to pay and has included a copy of the lien with its response brief. *Id.* at 2. KSNL has filed a counterclaim against MAS seeking to foreclose on the lien and asserting a claim for breach of contract.

MAS now seeks preliminary injunctive relief based on its concern that KSNL will continue working on the aircraft, which, according to MAS, may result in damage to the aircraft.

## STANDARD OF DECISION

"The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005). A preliminary injunction is an "extraordinary remedy" and any right to relief must therefore be "clear and unequivocal." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir.

2004) (quotation marks and citation omitted). In other words, "a preliminary injunction should be granted only in cases where the necessity for it is clearly established." *U.S. ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc*., 883 F.2d 886, 888–89 (10th Cir. 1989).

To obtain a preliminary injunction, the movant bears the burden of establishing four factors: "(1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm if the injunction is not granted; (3) the balance of equities is in the moving party's favor; and (4) the preliminary injunction is in the public interest." *Republican Party of New Mexico v. King*, 741 F.3d 1089, 1092 (10th Cir. 2013). Of these four factors, the "showing of probable irreparable harm is the single most important prerequisite." *Dominion Video*, 356 F.3d at 1260 (quotation marks and citation omitted). Accordingly, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id*.

Typically, an evidentiary hearing is held before resolving a motion for a preliminary injunction. If, however, the facts are not in dispute, a ruling can be made based on the parties' written submissions. *Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191 (10th Cir. 1998); *Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014) (unpublished). This is particularly true in cases where neither party requests an evidentiary hearing. *Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998) (noting that "a district court does not abuse its discretion in deciding not to hold an evidentiary hearing when no such request is ever made.").

## DISCUSSION

Relying exclusively on its replevin claim, MAS requests a preliminary injunction restraining KSNL from tampering with the aircraft and permitting MAS to inspect the aircraft. MAS argues[2] that it faces an irreparable injury if an immediate inspection does not take place because otherwise MAS will not be able to determine "any tampering or damage caused by KSNL." Pl.'s Br. at 7. In response, KSNL represents that it does not intend to do any additional work on the aircraft. Def.'s Br. at 12.

Although a hearing normally precedes the grant or denial of a preliminary injunction, a hearing is unnecessary in this matter because none of the relevant facts are in dispute and the key issue – whether the plaintiff can establish a likelihood of irreparable harm – can be resolved as a matter of law. Additionally, neither party has requested a hearing.

Establishing irreparable harm "is not an easy burden to fulfill." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003). "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). Thus, irreparable harm is not "merely serious or substantial" but instead must be "of such imminence that there is a clear and present need for equitable relief." *Id.* (internal quotation omitted). Importantly, "purely speculative harm" or harm that can "be compensated after the fact by monetary damages"

---

[2] MAS's brief failed to include citations to authority even when quoting from a case. In future filings, MAS's counsel should ensure that its arguments are supported by authority and include proper citations.

is not irreparable. *Greater Yellowstone Coal*, 321 F.3d at 1258. Put another way, "simple economic loss usually does not, in and of itself, constitute irreparable harm." *Heideman*, 348 F.3d at 1189.

Here, MAS has failed to carry its burden of clearly and unequivocally showing that it faces any "certain, great, actual and not theoretical harm" in the future given KSNL's representation that it does not intend to do any work on the aircraft. *Heideman*, 348 F.3d at 1189 (internal quotation marks omitted). But even if KSNL tampers with the aircraft at some future date, such an injury would plainly be compensable by money damages. *See Mullenix v. LaPlante*, No. 21-CV-01670-NYW, 2021 WL 5102741, at \*5 (D. Colo. Oct. 13, 2021) (denying preliminary injunction because "[e]ven assuming that Plaintiff has been deprived access to his personal property…[he] has not established that there is a significant risk that he will experience harm that cannot be compensated after the fact by money damages."); *Lenhardt v. City of Mankato, Kansas*, No. 18-4151-SAC-KGG, 2019 WL 2409617, at \*6 (D. Kan. June 7, 2019)(denying preliminary injunction because "there is nothing here to suggest that monetary damages would be an inadequate remedy for the taking of property in these circumstances."). As for MAS's request to inspect the aircraft, preliminary injunctive relief is a means of preventing imminent, irreparable harm; it is not a means of conducting discovery.

Because MAS has failed to show a likelihood of irreparable harm occurring, it is not necessary to address the other preliminary injunction factors. *Dominion Video*, 356 F.3d at 1266; *see also People for Ethical Treatment of Prop. Owners v. United States Fish & Wildlife Serv.*, 852 F.3d 990, 1008 (10th Cir. 2017) ("[I]f it is not necessary to decide

more, it is necessary not to decide more."). However, for the sake of completeness, the Court briefly notes that MAS has also not shown a likelihood of success on the merits of its replevin claim or that the balance of the equities tips in its favor given that KSNL has obtained a lien on the aircraft.

## CONCLUSION

As detailed above, MAS has not shown that it is entitled to a preliminary injunction. Accordingly, Plaintiff's Motion for Preliminary Injunctive Relief & Inspection [Doc. No. 7] is **DENIED**.

**IT IS SO ORDERED** this 10th day of December, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge