IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Mission Air Support, Inc., | ) |
|            Plaintiff, | ) |
| v. | ) Case No. CIV-21-1034-D |
| KSNL Aero, LLC, | ) |
|            Defendant. | ) |

**PLAINTIFF MISSION AIR INC.'S
MOTION FOR DELCARATORY JUDGMENT REGARDING VALIDITY OF
DEFENDANT'S PURPORTED LIENS**

COMES NOW, Plaintiff, Mission Air Support, Inc., ("MAS" or "Plaintiff"), by and through its attorney of record, Nicholas Atwood, of Ritchie, Rock & Atwood and for its Motion for Declaratory Judgment Regarding Validity of Defendant's Purported Liens, against Defendant, KSNL Aero, LLC, ("KSNL" or "Defendant"), alleges and states as follows:

**STATEMENT OF RELEVANT FACTS**

1. Plaintiff is the owner of a Beechcraft King Air 200 aircraft with FAA Registration Number N32TP ("N32TP aircraft").

2. Plaintiff is the owner of a Beechcraft King Air 200 aircraft with FAA Registration Number N970KR ("N970KR aircraft").

3. On or about May 7, 2021, both aircraft (N32TP & N970KR), were flown from Conroe Texas to Shawnee, Oklahoma, and flown to KSNL's facility located at the Shawnee Regional Airport.

4. On August 9, 2021, KSNL filed a Personal Property Lien Statement in the District Court for Pottawatomie County claiming a lien on the N32TP aircraft for storage, rental space, material, labor or skill for the protection, improvement, safekeeping, towing, right to occupy space, storage

1

or carriage thereof and for labor, money, material or supplies for the production of, alteration, or repair of the N32TP aircraft. The Personal Property Lien Statement indicates the lien is pursuant to OKLA. STAT. TIT. 42 §§ 91 et seq.

5. On August 9, 2021, KSNL filed a Personal Property Lien Statement in the District Court for Pottawatomie County claiming a lien on the N970KR aircraft for storage, rental space, material, labor or skill for the protection, improvement, safekeeping, towing, right to occupy space, storage or carriage thereof and for labor, money, material or supplies for the production of, alteration, or repair of the N970KR aircraft.  The Personal Property Lien Statement indicates the lien is pursuant to OKLA. STAT. TIT. 42 §§ 91 et seq.

6. On August 12, 2021, the N970KR aircraft was released back to MAS by KSNL after MAS made payment demanded by KNSL and provided to KNSL by MAS.

7. A dispute arose as to the exchange and/or release of the N32TP aircraft from KSNL to MAS.

8. On October 15, 2021, MAS filed a civil action against KSNL in the District Court of Pottawatomie County, State of Oklahoma, titled *Mission Air Support, Inc. v. KSNL Aero, LLC*, Pottawatomie County Case No. CJ-2021-306.

9. On October 21, 2021, the civil action was removed to the United States District Court for the Western District of Oklahoma (DKT 1).

10. On November 10, 2021, KSNL filed its Answer and Counterclaim (DKT 6). In its Counterclaim, KSNL asserts a claim (Count II- Lien Foreclosure) whereby KSNL is requesting the Court foreclose the lien on the N32TP aircraft and award monetary damages in its favor.

11. Subsequently, on February 1, 2022, KSNL recorded an additional lien on aircraft N32TP.

12. At no time has KSNL brought a claim seeking foreclosure of the lien recorded on the

N970KR aircraft.

13. At no time did MAS enter into a contract with KSNL for KSNL to preform work and/or maintenance on the N32TP aircraft or the N970KR aircraft. Further, MAS never gave KSNL authorization and/or permission to perform work and/or maintenance on the N32TP aircraft or the N970KR aircraft.

14. MAS maintains KSNL was not in lawful possession of the N32TP aircraft and the N970KR aircraft at the time it filed liens against both aircrafts.

15. MAS maintains KSNL still is not in lawful possession of the N32TP aircraft.

## Argument and Authorities

**I.     KSNL Lien is Invalid as KSNL failed to file its Lien under the correct statute.**

Currently, § 91(A) "covers possessory liens for all types of personal property which do not have a certificate of title issued by the OTC or a federally recognized Indian Tribe in the State of Oklahoma."[1] This section is a catchall intended to govern possessory liens on all types of personal property which do not fall under either §§91 or 91.2. Any lienholder who claims a possessory lien on aircraft for furnishing storage, rental space, material, labor or skill for the protection, improvement, safekeeping, towing, right to occupy space, storage or carriage thereof does so pursuant to OKLA. STAT. TIT. 42 § 91A.[2]

Here, KSNL filed its lien under § 91 rather than § 91A. Therefore, MAS maintains the liens filed on both aircraft on August 9, 2021, are invalid as they were not filed under the correct statutory provision.

---

[1] OKLA. STAT. TIT. 42 O.S. § 91A(A)(1)(a)-(b).
[2] *Blue Sky Telluride, L.L.C. v. Intercontinental Jet Service Corp.*, 2014 OK CIV APP 39, 328 P.3d 1223.

**II.    KSNL Failed to Timely Enforce its Liens on the Aircrafts.**

A party seeking foreclosure of a recorded lien must initiate the foreclosure action within sixty days after the filing or recording of the lien.[3] OKLA. STAT. TIT 42 § 91A(B)(3) specifically states:

> "The enforcement of the lien shall be within sixty (60) days after filing the lien in the manner provided by law for enforcing the lien of a security agreement and provided that the lien shall not affect the rights of innocent, intervening purchasers without notice."[4]

The Oklahoma Court of Civil Appels has held that sixty-day statute of limitation does not apply to property still in possession of the lienholder.[5] The Court in *Blue Sky* held "by the very terms of §91A, the lien continues so long as the lienholder retains possession."[6] The *Blue Sky* Court continued its reciting Section 91A(A)(2), which states:

> "Any person who, *while lawfully in possession* of an article of personal property to which this section applies, renders any service to the owner thereof by furnishing storage, rental space, material, labor or skill for the protection, improvement, safekeeping, towing, right to occupy space, storage or carriage thereof, *has a special lien thereon, dependent on possession*, for compensation, if any, which is due to such person from owner for such service."

Here, the ruling in *Blue Sky* is not applicable. Although, KSNL is still in possession of the N32TP aircraft, it is not so lawfully. There was no contract between MAS and KSNL authorizing KSNL to perform work and/or maintenance on the N32TP aircraft. There was no verbal agreement between the parties either allowing and/or authorizing KSNL to perform work and/or maintenance on the N32TP. KSNL has more or less held the N32TP aircraft hostage after demanding money

---

[3] OKLA. STAT. TIT. 42 § 91A(B)(3).
[4] *Id.*
[5] *Blue Sky Telluride, L.L.C. v. Intercontinental Jet Service Corp.*, 2014 OK CIV APP 39, 328 P.3d 1223.
[6] *Id.*

for work and/or maintenance allegedly completed on the N32TP aircraft without authorization and/or approval of MAS. The sixty-day statute of limitation applies in as KSNL is not in lawful possession of the N32TP aircraft. Under that limitation, KSNL failed to timely foreclose its lien as the lien was recorded on August 9, 2021, and the request was not made to foreclose the lien until the filing of its Answer and Counterclaim ninety-three (93) days later on November 10, 2021. Therefore, MAS is entitled to a declaratory judgment determining that the lien recorded by KSNL, pertaining to the N32TP aircraft, is invalid and unenforceable lien.

As it pertains to the lien on the N970KR aircraft, KSNL did not seek foreclose its lien within 60 days of recording nor is it in possession of the N970KR aircraft. Although KSNL has not brought suit and an action seeking foreclosure of its lien, MAS seeks a declaratory judgment declaring the lien to be an invalid lien. Further, KSNL has failed to properly release the lien as required by Oklahoma law.[7]

## CONCLUSION

KSNL is not in lawful possession of the N32TP as there was no agreement in place between MAS and KSNL for KSNL to perform work and maintenance on the N32TP aircraft. Under the provisions of § 91A(B)(3), KSNL was required to request foreclosure of its lien within sixty days of it being recorded. KSNL failed to do so and as result its lien is not valid. Further, KSNL failed to request foreclosure of its purported lien on the N907KR within sixty days of its recording and therefore that lien is also invalid. KSNL also failed to properly release said lien in accordance with Oklahoma law.

WHEREFORE, premises considered, Plaintiff, Mission Air Support, Inc., requests the Court set for hearing on a date and time certain, relating to its Motion for Declaratory Judgment

---

[7] OKLA. STAT. TIT 42 § 118.

Regarding Validity of Defendant's Purported Liens; requests at the conclusion of the hearing the Court find and enter an order declaring KSNL's purported liens to be invalid and grant any/all further relief deemed necessary and proper by the Court.

        **Ritchie Rock & Atwood**

        -  *Nicholas Atwood*  -

        _____
        Nicholas Atwood, OBA No. 22052
        21 North Van Street
        Post Office Box 246
        Pryor, OK 74362
        (888) 848-4558
        natwood@rrmalaw.com
        **Attorney for Plaintiff**
        **Mission Air Support, Inc.**

## **CERTIFICATE OF MAILING**

     I hereby certify that on March 29, 2022, I electronically transmitted the attached document to the Clerk of the Court using eh ECF System for filing and a copy of this filing was transmitted to the following ECF participants:

Joshua D. Burns
Margaret M. Sine
Crowe & Dunlevy, PC
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
joshua.buyrns@crowedunlevy.com
meg.sine@crowedunlevy.com
**Attorneys for Defendant
KSNL Aero, LLC**

                                            -  *Nicholas Atwood*  -
                                            _____
                                            Nicholas Atwood