## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MISSION AIR SUPPORT, INC.          )
                                   )
  Plaintiff,             )
                                   ) Case No.: CIV-21-1034-D
v.                                 )
                                   )
KSNL AERO, LLC,                    )
                                   )
  Defendant.             )

### RENEWED APPLICATION FOR
### TEMPORARY INJUNCTIVE RELIEF OR ALTERNATIVELY INSPECTION

  COMES NOW, the Plaintiff, Mission Air Support, Inc., (hereinafter referred to as "MAS"), by and through its attorney of record, Nicholas Atwood, of the Ritchie Rock & Atwood Law Firm, for this Renewed Application for Temporary Injunctive Relief or Alternatively Inspection against the Defendant, KSNL Aero, LLC, (hereinafter referred to as "KSNL") and states as follows:

### OVERVIEW

  1. MAS's Application is filed pursuant to Rule 65 of the Federal Rules of Civil Procedure requesting that the Court order that Beechcraft King Air 200 N32TP (hereinafter referred to as "N32TP") be immediately returned to MAS as a result of the recent findings contained in the Federal Aviation Administration's (hereinafter referred to as "FAA") Investigative Results Report dated February 28, 2022. Alternatively, MAS should be permitted to perform an immediate inspection of the N32TP to determine the current condition of the aircraft and to confirm work allegedly performed by KSNL. Further, KSNL should be prohibited from working on, moving, touching, assembling or in any way tampering or altering the N32TP as it may result in further damage.

1

2.    Initially, MAS filed a request for Preliminary Injunctive Relief and Inspection but this Court denied the request finding that injunctive relief was not proper as money damages would cure any injury suffered by MAS regarding the N32TP.

3.    However, since the Court's ruling on MAS's initial request, new information from the FAA concerning the condition and quality of work performed by KSNL on Beechcraft King Air 200 N970KR (hereinafter referred to as "N970KR") confirms MAS's concerns regarding the status of the N32TP.

4.    MAS will likely be successful on the merits of the case as shown below and read in conjunction with the Petition and the FAA's Investigative Results Report regarding the N970KR.

5.    If immediate injunctive relief is not granted, MAS will suffer significant injury and damages.

6.    The injury that MAS would suffer substantially outweighs the harm to KSNL, if any, if the injunction if granted.

7.    An injunction of this type is in the public's best interest as it helps to enforce public policy, lawful contracts, business practices and to deter unlawful and unethical business practices.

## STATEMENT OF FACTS

MAS adopts the facts alleged in the Petition but for purposes of this Application further allege the following:

8.    KSNL is currently in possession of the N32TP at KSNL's facility located in Pottawatomie County, Oklahoma.

9.    The N32TP was last known to MAS to be partially disassembled at KSNL's facility.

10.    KSNL has previously performed inadequate work on the N970KR aircraft resulting in additional maintenance work, repairs, inspection costs and delays.

11.    Immediately upon receiving the N970KR from KSNL, MAS delivered the aircraft to Red Cloud Aviation, LLC, (hereinafter referred to as "Red Cloud") a licensed aircraft repair and maintenance facility. Red Cloud reviewed and inspected the N970KR and discovered numerous deficiencies in the work performed by KSNL that rendered the aircraft unworthy for air travel.

12.    As a result of Red Cloud's findings, a complaint was filed with the FAA regarding the condition and quality of work performed by KSNL on N970KR.

13.    The FAA inspected and investigated the complaint and on February 28, 2022, the FAA released its Investigative Results Report finding significant issues with the N970KR and with the work performed by KSNL. See attached FAA Report marked as Exhibit "A".

14.    Under information and belief at this time, MAS believes that the FAA has now taken action against KSNL due to the inadequate work on the N970KR. Specifically, believes MAS that the FAA has suspended KSNL's 14 CFR Part 145 Certificate. As such, under FAA regulations, KSNL is prevented from performing any kind of work on the N32TP. Additionally, the failure to have a current and valid Part 145 Certificate from the FAA may create a situation where the N32TP is not covered by KSNL's insurance.

15.    In addition to the inadequate work performed on the N970KR by KSNL and substantiated by the FAA, KSNL has updated its possessory lien on N32TP. The initial possessory lien on N32TP was filed on August 9, 2021, in the amount of $51,542.35. See attached as Exhibit "B". On February 1, 2022, KSNL updated the possessory lien on N32TP increasing said lien to $137,955.28. See attached as Exhibit "C". The increase in the updated lien amount is the result of, in the belief of MAS, unreasonable storage fees charged by KSNL on said aircraft.

16.    MAS is concerned that the N32TP will suffer damage while being stored with KSNL. Furthermore, MAS will incur unwarranted and unreasonable fees simply by KSNL continued possession of the N32TP.

17.   MAS has a duty to mitigate its damages. If MAS is able to recover N32TP from KSNL it will have the appropriate maintenance performed on the aircraft so it can be placed in service, thereby mitigating MAS's damage claim.

18.   MAS should be granted immediate possession of the N32TP as a result of the FAA's Investigative Results Report. Alternatively, MAS should be able to immediately inspect the N32TP to determine the aircraft's current condition. Further, KSNL should be prohibited from working on, moving, touching, assembling or in any way tampering with the N32TP as it may result in further damage to the aircraft.

## ARGUMENT & AUTHORITY

The Court should grant the MAS' Renewed Application for Temporary Injunction and Inspection as this will ensure that the N32TP will not be furthered damaged and the aircraft will be properly insured and that MAS can mitigate its' damages. The granting of MAS's injunction request will ensure the valuable asset will not continue to waste away with likely deficient work performed by KSNL which will need to be remediated. MAS has a duty to mitigate all of its damages and KSNL possession of the N32TP prevents MAS from mitigating its damages.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, a party may make application for temporary injunction. Temporary injunction is an extraordinary remedy.[1] Courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."[2] Courts should use sound discretion and "pay particular regard for the public consequences in employing the extraordinary remedy of injunction."[3]

The United States Supreme Court set forth a four-part balancing test when determining if

---

[1] *Munaf v. Geren*, 553 U.S. 674, 689-690.
[2] *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542.
[3] *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312.

preliminary injunction is appropriate.[4] To obtain a preliminary injunction the movant must show "(1) is substantial likelihood of prevailing on the merits; (2) it will suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest."[5]

1.   _Likelihood of Success on the Merits_

A party seeking a temporary injunction must demonstrate that they are likely to succeed on the merits of the underlining cause of action.[6] MAS is highly likely to be meritorious in its civil lawsuit against the KSNL. While this Application is not the proper forum to try the facts of this case, the Court should note the flowing specific facts that strikingly stand out against KSNL:

1)   When KSNL returned the N970KR it was discovered that the work completed by KSNL was wholly inadequate, of poor and deficient quality such that N970KR was unworthy to fly and failed inspection for certification.

2)   The FAA has made specific findings regarding KSNL's inadequate work performed on the N970KR. See attached FAA Report marked as Exhibit "A."

3)   MAS has incurred unnecessary and unwarranted additional expenses as a result of KSNL's continued possession of N32TP. See attached Exhibit "B" and Exhibit "C".

In its initial filing in Pottawatomie County District Court, State of Oklahoma, MAS filed a replevin cause of action. MAS assert that it should be allowed to recover N32TP pursuant to OKLA. STAT. TIT. 12 § 1571(C) as the property is wrongfully being detained by KSNL. The approximate value of N32TP is Seven Hundred Fifty Thousand and 00/100 Dollars ($750,000.00). MAS is the owner of the N32TP.

---

[4] _Winters v. Natural Resources Defense Counsel_, 555 U.S. 7 (2008).
[5] _New Mexico v. Dep't of Game & Fish_, 854 F.3d. 1207 (10th Cir. 2017).
[6] _Winters v. Natural Resources Defense Counsel_, 555 U.S. 7 (2008).

KSNL does not have any ownership interest in the aircraft and instead is using it as leverage to force payment for alleged work performed. The FAA's report substantiates MAS's concerns regarding the quality of the work allegedly performed on the N32TP. Furthermore, the FAA's report validates that the work performed on the N970KR by KSNL was inadequate and of not proper quality for a licensed FAA mechanic facility. As such, MAS is highly likely to succeed in its underlining cause of action against KSNL.

2. *Likelihood of Irreparable Harm*

The party seeking injunction must establish that irreparable harm is likely if the court does not grant the injunction.

In early May 2021, two Beechcraft King Air Aircrafts owned by MAS were moved from Conroe, Texas, to KSNL's facility in Shawnee, Oklahoma. MAS cannot find nor do they believe that there are any documents, contracts or approvals from MAS that authorize any work be performed on the aircrafts by KSNL. On or around July 6, 2021, MAS was made aware of an email previously sent by KSNL employee Darrin Lofton demanding payment for work completed on the N970KR.

MAS attempted to reach out to KSNL but that attempt was futile. KSNL refused to release the aircraft and demanded excessive and arbitrary storage fees in the amount of Five Hundred and 00/100 Dollars ($500.00) per day. As it quickly became evident that KSNL would not be reasonable, MAS paid KSNL for the worked performed on N970KR on August 9, 2021. MAS made this payment to secure possession of N970KR.

On August 12, 2021, upon gaining possession of the N970KR, MAS immediately had the aircraft towed from KSNL to Red Cloud located at the Shawnee Regional Airport in Shawnee, Oklahoma, for a maintenance inspection. On August 14, 2021, MAS received the initial inspection report regarding the N970KR and was informed of many alarming and concerning issues with the

aircraft. The aircraft was deemed unworthy to fly and it failed the necessary inspection for the certification for which KSNL billed MAS to perform. This resulted in MAS having to have further work performed to repair the inadequate work performed by KSNL before the aircraft was deemed functional and safe.

On or about August 18, 2021, MAS filed a complaint with the FAA, Reference No. FHIS-0046386 outlining its complaints concerning the N970KR.

During this same period, KSNL demanded payment for the N32TP. On August 16, 2021, MAS officials were at the Shawnee Regional Airport to meet with the Airport Authority and Red Cloud who performed the inspection on the N970KR. Additionally, MAS official met with KSNL regarding its possession of the N32TP and its release. Upon entering KSNL's facility, MAS discovered that the N32TP was disassembled and the landing gear had been removed. MAS demanded a current invoice for work performed and instructed that the aircraft be put back together enough to be towed from KSNL's facility. KSNL stated that he would not be agreeable to MAS' request and demanded payment for all work allegedly performed by KSNL on the N32TP, back storage fees, and additionally the cost for KSNL to put the aircraft back together.

MAS's N32TP airplane is intentionally being wrongfully held by KSNL. Furthermore, the FAA's report verifies that KSNL performed deficient work on the N970KR and it is very likely that the same quality of work has occurred on the N32TP. As such, the Court should order that the N32TP be immediately returned to MAS as a result of the FAA's Investigative Results Report concerning the N970KR. As KSNL is likely to not have a valid FAA 14 CFR Part 145 Certificate and that places the N32TP in great jeopardy. Without a valid certificate, KSNL cannot perform any maintenance on the N32TP and it is likely KSNL's insurance will not cover the aircraft. Alternatively, MAS should be able to immediately inspect the N32TP to determine the current

condition of the aircraft. Further, KSNL should be prohibited from working on, moving, touching, assembling or in any way tampering or altering the N32TP as it may result in further damage.

3.   *Balance of Equities and Hardships*

Once the party making application for temporary injunction has established that they are likely to succeed on the merits and that irreparable harm is likely to occur without injunction, they must then show that the balance of both equites and hardship is in their favor. The balancing test is more than weighing of the pros and cons of the proposed preliminary injunction. The court must weigh the equities in the movant obtaining the preliminary injunction against the hardship that the injunction would place on the defendant.

In the instant case, MAS request the Court immediately order that the N32TP be returned to MAS as a result of the FAA investigation and report concerning N970KR. The FAA investigation and report clearly substantives the issues outlined by MAS in its Petition regarding N970KR. It is highly likely that the worked performed by KSNL on the N32TP is of the same inadequately, poor and deficient quality. Furthermore, as MAS suspects that the FAA has revoked KSNL FAA Part 145 Certificate, KSNL is prohibited from working on the N32TP and KSNL's continued possession of the aircraft will result in the aircraft's continued waste and decay and is not likely covered by KSNL's insurance. Alternatively, MAS should be able to immediately inspect the N32TP to determine the current condition of the aircraft. Further, KSNL should immediately be prohibited from working on, moving, touching, assembling or in any way tampering or altering N32TP as it may result in further damage. KSNL cannot point to any harm it will suffer as a result of the N32TP being ordered to return to MAS or alternatively permitting MAS to an immediate inspection of the N32TP.

4. *Public Interest*

      The application for injunction must show that it the injunction is in the public interest. To assist in the public interest inquiry, courts can look at the statute at issue for guidance. For example, in *Amoco Production v. Village of Gambell*,[7] the United States Supreme Court determined that the public interest promoted by the Alaska National Interest Lands Conservation Act was "to protect Alaskan subsistence resources from unnecessary destruction,"[8] rather than preventing the actions that the plaintiff sought to enjoin.

      The public interest in this case relates to airplane and flight safety, and to MAS's duty to mitigate its damages. Aircrafts requires highly specialized mechanical maintenance in order for the aircraft to work properly and ensure safe flight. Allowing for an aircraft to not be properly maintained jeopardize the public's safety. Furthermore, the FAA's report clearly substantiates that the worked performed by KSNL on N970KR was wholly inadequate. Allowing KSNL continued possession of N32TP will not benefit anyone other than KSNL. It is highly likely that the worked allegedly performed by KSNL on the N32TP is of the same poor and deficient quality as outlined in the FAA report. Further, MAS will be able to mitigate its damages if it can recover possession of the aircraft.

      WHERFORE, the Plaintiff, Mission Air Support, Inc., requests this Court grant its Application for Temporary Injunction and enter an immediate Temporary Injunction granting possession of N32TP to MAS and restraining the Defendant, KSNL Aero, LLC, from tampering with the Beechcraft King Air 200 N32TP aircraft or in the alternative permitting the Plaintiff or an independent third-party appointed by this Court to immediate inspect of the aircraft to assess the current condition, and awarding the Plaintiff with attorney fees and costs and any other relief

---

[7] *Amoco Production v. Village of Gambell*, 480 U.S. 531 (1987).
[8] *Id* at 544.

this Court deems just and proper.

**Ritchie Rock & Atwood**

*s/ Nicholas Atwood*   -

_____

Nicholas Atwood, OBA No. 22052
Post Office Box 246
Pryor, OK 74362
(888) 848-4558
natwood@rrmalaw.com
**Attorney for Mission Air Support, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2022, I electronically transmitted the attached document to the Clerk of the Court using eh ECF System for filing and a copy of this filing was transmitted to the following ECF participants:

Joshua D. Burns
Margaret M. Sine
Crowe & Dunlevy, PC
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
joshua.buyrns@crowedunlevy.com
meg.sine@crowedunlevy.com
**Attorney for Defendant**
**KSNL Aero, LLC**

*s/ Nicholas Atwood*   -

Nicholas Atwood

11