**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

MISSION AIR SUPPORT, INC.,

Plaintiff,

v.

KSNL AERO, LLC,

Defendant.

Case No.: CIV-21-1034-D

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference: April 21, 2022

Appearing for Plaintiff: Nicholas Atwood for the firm Ritchie Rock & Atwood (counsel for Plaintiff/Counterclaim Defendant)

Appearing for Defendant: Joshua D. Burns and Margaret M. Sine for the firm Crowe & Dunlevy (counsel for Defendant/Counterclaim Plaintiff)

**Jury Trial Demanded □ - Non-Jury Trial X**

1. **BRIEF PRELIMINARY STATEMENT**.

Plaintiff filed this action against Defendant in the Oklahoma District Court of Pottawatomie County on October 15, 2021. Defendant removed this action to the United States District Court for the Western District of Oklahoma on October 21, 2021.

From May 2021 to June 2021, Defendant performed work on Plaintiff's aircraft with FAA Registration Numbers N32TP and N970KR. The Parties disagree as to the authorization given by Plaintiff to Defendant to complete such work. Plaintiff contends that Defendant failed to perform the services in a workmanlike manner and that Defendant is improperly retaining possession of aircraft N32TP.

Defendant contends that it is entitled to compensation for the authorized and completed services. Based on non-payment for the completed work, Defendant filed personal property liens on the aircraft for storage, rental space, labor, money, material, skill, and supplies furnished in relation to the aircraft. Defendant asserts

these liens are valid and perfected possessory liens, and that the liens justify Defendant's continued possession of aircraft N32TP.

2. **JURISDICTION**. The Court has diversity jurisdiction over this matter.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

A. Plaintiff is a Virginia corporation with its principal place of business in the State of Virginia.

B. Defendant is a Nevada limited liability company with its principal place of business in the State of Oklahoma.

C. Defendant's two members are Darrin K. Lofton, an individual who is and was a resident and citizen of the State of Oklahoma, and R. Franklin Ford, Jr., an individual who is and was a resident and citizen of the State of Hawaii.

D. Therefore, the Court has diversity jurisdiction over this matter.

E. Venue is proper in this Court.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

a. Plaintiff: Plaintiff asserted that due to the inadequate work performed by Defendant on Aircraft N970KR, Plaintiff has been damaged in amount of $222,889.19. Further, Plaintiff asserted that Defendant improperly is in possession of Aircraft N32TP and is not in the position at this time to determine all damages claimed. However, Plaintiff not being in possession of Aircraft N32TP and the Aircraft not being operational has lost monthly lease payment of $15,000.00, plus an engines reserve of hourly rates at $200 per engine for a minimum of 60 hours per month, and an airframe use of $125 an hour at a minimum of 60 hours per month.

b. Defendant: Defendant has asserted counterclaims for breach of contract and lien foreclosure based upon Plaintiff's failure to pay Defendant for its completed work on the aircraft. Defendant asserts it is entitled to damages in excess of $229,977.63, consisting of parts, labor, and storage and equipment fees. Damages continue to accrue at the storage and equipment fee rate of $500/day. Defendant denies that Plaintiff is entitled to any affirmative relief.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**. Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

□ Yes **X** No

6. **MOTIONS PENDING AND/OR ANTICIPATED**

Plaintiff has two pending motions before the Court. The Parties do not anticipate additional motions as this time.

(1) Plaintiff filed its Motion for Declaratory Judgment Regarding Validity of Defendant's Purported Liens [Dkt. No. 25] on March 29, 2022. Defendant will file its responsive brief on or before April 19, 2022.

(2) Plaintiff filed its Renewed Application for Temporary Injunctive Relief or Alternatively Inspection [Dkt. No. 26] on March 31, 2022. Defendant will file its responsive brief on or before April 21, 2022.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? □ Yes **X** No

If "no," by what date will they be made? May 3, 2022

8. **PLAN FOR DISCOVERY**.

A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was to be held on April 12, 2022.

B. The parties anticipate that discovery should be completed within 8 months.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 3 months.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

**X** Yes □ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

**X** Yes □ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

The Parties have an informal agreement regarding the return of inadvertently produced privileged documents. At this time, the Parties are not requesting the Court include such informal agreement in an order.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

N/A

9. **ESTIMATED TRIAL TIME**: 3-4 days

10. **BIFURCATION REQUESTED**: □ Yes **X** No

11. **POSSIBILITY OF SETTLEMENT**: □ Good **X** Fair □ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A. Compliance with LCvR 16.1(a)(1) - ADR discussion: **X** Yes □ No

B. The parties request that this case be referred to the following ADR process:

□ Court-Ordered Mediation subject to LCvR 16.3
□ Judicial Settlement Conference
□ Other Defendant requests leave to appear for ADR via teleconference from her state of residence in Georgia
**X** None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge? □ Yes **X** No

14. Type of Scheduling Order Requested. **X** Standard - □ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 15th day of April 2022.

Respectfully submitted,

/s/ *Nicholas Atwood*

Nicholas Atwood, OBA # 22052
Ritchie Rock & Atwood
Post Office Box 246
Pryor, Oklahoma 74362
Telephone: (888) 848-4558
natwood@rrmalaw.com

**ATTORNEY FOR PLAINTIFF/COUNTERCLAIM DEFENDANT MISSION AIR SUPPORT, INC.**

/s/ *Margaret M. Sine*

Joshua D. Burns, OBA # 32967
Margaret M. Sine, OBA # 34024
**CROWE & DUNLEVY, PC**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
joshua.burns@crowedunlevy.com
meg.sine@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT/COUNTERCLAIM PLAINTIFF KSNL AERO, LLC**