## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISSION AIR SUPPORT, INC., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.:  CIV-21-1034-D |
| | ) |
| KSNL AERO, LLC, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT/COUNTERCLAIM PLAINTIFF KSNL AERO, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT REGARDING VALIDITY OF DEFENDANT'S PURPORTED LIENS

Defendant/Counterclaim Plaintiff KSNL Aero, LLC ("KSNL") hereby files its Response to the Motion for Declaratory Judgment Regarding Validity of Defendant's Purported Liens (the "Motion") [Dkt. No. 25] filed by Plaintiff/Counterclaim Defendant Mission Air Support, Inc. ("Mission Air"). The Motion continues Mission Air's desperate strategy of throwing everything at the wall in the hopes that something will stick. Not only does Mission Air flat out ignore the meaning of the phrase *et seq.* in KNSL's liens, but Mission Air also improperly seeks a declaratory judgment without having pled a corresponding declaratory judgment claim. In effect, Mission Air's Motion is a premature and procedurally unsound motion for summary judgment, submitted while discovery is ongoing. Mission Air's Motion should be denied.

### BACKGROUND

In May of 2021, Mission Air requested that KSNL perform certain inspections and repairs on two aircraft bearing Federal Aviation Administration ("FAA") Registration

Numbers N32TP ("N32TP") and N970KR ("N970KR"). Based on approval and authorization from Mission Air's owner, Gary Bannister, KSNL moved the aircraft from Conroe, Texas to its repair facility in Shawnee, Oklahoma. In compliance with Mission Air's instructions, KSNL performed work on the Aircraft until June of 2021.

On approximately June 15, 2021, individuals holding themselves out as Mission Air representatives instructed KSNL to cease work on the aircraft. Mission Air initially failed and refused to pay KSNL for work already performed on both aircraft. Due to non-payment, KSNL filed personal property liens (the "Original Liens") on N32TP in the amount of $51,542.35 and on N970KR in the amount of $86,299.87. KSNL filed the Original Liens with the County Clerk for Pottawatomie County on August 9, 2021, and with the FAA on August 10, 2021. A true and correct copy of the file-stamped Original Liens are attached hereto as **Exhibit 1**.

Mission Air eventually paid KSNL for the completed work on N970KR. After KSNL received payment, it released N970KR to Mission Air and released its lien on N970KR.[1] Mission Air still refuses to pay KSNL for the work on N32TP. Due to Mission Air's refusal to pay, KSNL has been forced to store N32TP in its repair station for months. N32TP is taking up valuable space in KSNL's revenue-generating repair station and limiting the number of aircraft that KSNL can repair at one time.

---

[1]     In its Motion, Mission Air contends that KSNL failed to release the lien on N970KR.  (Motion at 5.) This is false. On or about October 5, 2021, KSNL executed a Disclaimer of the lien on N970KR and submitted that disclaimer to Aero Title. A true and correct copy of the Disclaimer is attached hereto as **Exhibit 2**.

On February 1, 2022, KSNL filed a supplement to the Original Lien on N32TP ("Supplemental Lien" and, collectively with the Original Liens, the "Liens") with the County Clerk for Pottawatomie County in the amount of $137,953.28. KSNL filed the Supplemental Lien with the FAA on February 2, 2022. A true and correct copy of the file-stamped Supplemental Lien is attached hereto as **Exhibit 3**. KSNL currently holds N32TP subject to its valid and perfected possessory Liens.

Mission Air's Motion now seeks declaratory judgment from this Court to invalidate KSNL's Liens without any legal basis. Not only does Mission Air fail to raise any believable legal argument, more fundamentally, the Motion seeks relief that Mission Air did not request in its complaint. Mission Air did not include a claim for declaratory judgment in its initial pleading in this case. No matter how Mission Air spins its Motion, it is procedurally faulty and has no legal basis.  The Motion should be denied in its entirety.

## ARGUMENT AND AUTHORITIES

### I.   KSNL'S LIENS ARE PROPERLY FILED AND PERFECTED PURSUANT TO OKLA. STAT. TIT. 42 § 91A.

KSNL properly filed its perfected possessory Liens on the aircraft. Mission Air's Motion hinges on its assertion that KSNL's Liens are invalid because "KSNL filed its [Liens] under § 91 rather than § 91A[,]" and therefore this Court can enter declaratory judgment because the Liens were "not filed under the correct statutory provision." (Motion at 3.) This argument is frivolous.

KSNL filed the Liens "pursuant to Okla. Stat. tit. 42 §§ 91 *et seq.*" (Exs. 1 & 3 (emphasis added).) In its Motion, Mission Air completely ignores the plain meaning of the

phrase *et seq. Et seq.* is an abbreviation for the Latin phrase "and the following one." *Et Seq.*, BLACK'S LAW DICTIONARY (11th ed. 2019). The use of *et seq.* denotes "[a]nd those (pages or sections) that follow." *Id*. KSNL's use of *et seq.*, as well as two section symbols, confirms that the Liens are filed pursuant to Okla. Stat. tit. 42 § 91A, the section following Okla. Stat. tit. 42 § 91.

## II. KSNL LAWFULLY POSSESSES N32TP.

Mission Air further argues that KSNL's Liens are invalid because KSNL does not lawfully possess N32TP and KSNL failed to foreclose its Liens within 60 days. (Motion at 4.) As Mission Air itself concedes (id. at 4), a lienholder is not required to foreclose its lien under Okla. Stat. tit. 42 § 91A within 60 days if it is still in possession of the property. *Blue Sky Telluride, L.L.C. v. Intercontinental Jet Service Corp.*, 2014 OK CIV APP 39, ¶ 19, 328 P.3d 1223. KSNL is still in possession of N32TP, so the 60-day foreclosure period does not apply.

In an attempt to circumvent the statute, Mission Air falsely argues that KSNL's possession of N32TP is unlawful. (Motion at 4-5.) KSNL completed the work on the aircraft based on authorization from Mission Air. KSNL lawfully possesses N32TP, and lawfully possessed N907KR prior to its release to Mission Air, pursuant to Mission Air's original authorization and then pursuant to its Liens. Mission Air simply does not want to pay and is attempting to escape any liability for its failure to do so. This does not entitle Mission Air to a declaratory judgment determining that KSNL's Liens are invalid and unenforceable.

### III.   MISSION AIR'S MOTION IS PROCEDURALLY IMPROPER.

In addition to having no legal basis for relief, the Motion is procedurally deficient. The Federal Rules of Civil Procedure do not recognize a ***motion*** for declaratory relief. "Because an action for a declaratory judgment is an ordinary civil action, a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." *Int'l Bhd. of Teamsters v. E. Conf. of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995). Mission Air did not bring a claim for declaratory judgment in the above-captioned case. In fact, far from seeking a declaration that the Liens were invalid in their initial pleading, Mission Air deliberately sought to hide the Liens from this Court by making ***no mention of them whatsoever***.

Courts may "declare the rights and other legal relations of any interested party seeking such declaration" under 28 U.S.C. § 2201 "***upon the filing of an appropriate pleading***." 28 U.S.C. § 2201(a) (emphasis added). Rule 57 makes clear that the Federal Rules "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. The Federal Rules ***only*** define pleadings as complaints, answers, and/or replies to an answer. Fed. R. Civ. P. 7(a)(1)-(7). Additionally, Mission Air's failure to plead a claim for declaratory relief cannot be remedied by the Declaratory Judgment Act, as it "is a procedural tool and does not create substantive rights for parties." *Shelter Mut. Ins. Co. v. Phillips*, No. CIV-17-1237-C, 2018 WL 2976435, at *1 (W.D. Okla. June 13, 2018) (citing *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978)).

Since the Federal Rules do not recognize a motion for declaratory relief, "[w]hen faced with a motion for declaratory judgment, courts therefore often construe the motion as a motion for summary judgment on a declaratory judgment action." *Seay v. Oklahoma Bd. of Dentistry*, No. CIV-17-682-D, 2020 WL 1930452, at *1 (W.D. Okla. Apr. 21, 2020), *appeal dismissed*, No. 20-6072, 2020 WL 6777537 (10th Cir. July 7, 2020), *and reconsideration denied*, No. CIV-17-682 D, 2020 WL 5486867 (W.D. Okla. Sept. 10, 2020). Mission Air's Motion cannot be saved even if liberally construed as a summary judgment motion. Mission Air did not bring a declaratory judgment claim, so the Motion is completely improper. *See Est. of Gonzales ex rel. Gonzales v. Brown*, No. 12-CV-495-JED-PJC, 2014 WL 4748604, at *5 (N.D. Okla. Sept. 23, 2014) (denying plaintiff's motion for declaratory judgment because "[p]laintiff's attempt to inject a declaratory judgment action into [the] proceeding by a motion filed many months after the filing of the Second Amended Complaint [was] inappropriate").

Moreover, to the extent that the Court might construe the Motion as one for summary judgment on some other count of Mission Air's complaint, the Motion is premature. The parties are currently immersed in discovery on the very factual issues that would be necessary to resolve a summary judgment motion. Mission Air has not included a statement of undisputed facts, nor could it on the limited and incomplete factual record that currently exists. The Motion is neither appropriately timed nor the correct procedural mechanism to address these issues. The Motion should be denied.

## **CONCLUSION**

Mission Air's Motion is disingenuous. It provides no basis for the Court to grant Mission Air's request for declaratory judgment, as KSNL's Liens were properly filed under Oklahoma law and Mission Air's pleadings do not include a declaratory judgment claim. For these reasons, KSNL respectfully requests that the Court deny Mission Air's request for declaratory judgment in its entirety and award KSNL its fees and costs in defending against the Motion.

Respectfully submitted,

/s/ Joshua D. Burns

Joshua D. Burns, OBA # 32967
Margaret M. Sine, OBA # 34024
**CROWE & DUNLEVY, PC**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
joshua.burns@crowedunlevy.com
meg.sine@crowedunlevy.com

**ATTORNEYS FOR
DEFENDANT/COUNTERCLAIM
PLAINTIFF KSNL AERO, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on April 19, 2022, I electronically transmitted the above and foregoing instrument for filing and for transmittal of a Notice of Electronic Filing through the CM/ECF system to all ECF registrants in this case as follows:

Nicholas Atwood, natwood@rrmalaw.com

**Counsel for Plaintiff/Counterclaim Defendant**

/s/ Joshua D. Burns
Joshua D. Burns