IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISSION AIR SUPPORT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: CIV-21-1034-D |
| | ) |
| KSNL AERO, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF MISSION AIR SUPPORT, INC.'S REPLY TO DEFENDANT/COUNTERCLAIM PLAINTIFF KSNL AERO, LLC'S RESPOSNE TO PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT REGARDING VALIDITY OF PURPORTED LIEN**

COMES NOW Plaintiff Mission Air Support, Inc. (hereinafter "Mission Air" or "MAS"), by and through undersigned counsel, and respectfully submits this Reply in support of its Motion for Declaratory Judgment Regarding Validity of Purported Lien[1] and to address Defendant KSNL AERO, LLC's (hereinafter "KSNL"), Response in opposition thereto[2] hereby files its Reply to Defendant/Counterclaim Plaintiff KSNL AERO, LLC's (hereinafter "KSNL").

KSNL in its Response asserts throughout that Mission Air's Motion is disingenuous, yet, upon a complete review of KSNL's Response one could make the same assertions against KSNL. KSNL maintains in its Response as well as many of its pleadings that it has

---

[1] Doc. No. 25.
[2] Doc. No. 30.

1

lawfully possession of the N32TP, however, at no time has KSNL provided any documentation or evidence corroborate such assertions.[3] KSNL's failure and/or inability to provide anything other than mere unsubstantiated claims regarding "agreements" and "authorizations" further evidences it does not nor did at the time of the filing of its liens lawfully possession of the N32TP aircraft.

## ARGUMENT

Defendant KSNL maintains that even though it clearly did not file its lien pursuant to OKLA. STAT. TIT. § 42A, it is saved by the use of the language *et seq*. This argument clearly disregards the fact that the Oklahoma Supreme Court in *Blue Sky,* determined "any lienholder who claims a possessory lien on aircraft for furnishing storage, rental space, material, labor or skill for the protection, improvement, safekeeping, towing right to occupy space, storage or carriage thereof does pursuant to OKLA. STAT. TIT. 42 § 91A."[4] Through this statement by the *Blue Sky* Court, our Supreme Court is clearly differentiating and distinguishing §91 from §91A and the phrase *et seq*. would not cover §91A as set forth in KSNL's liens.

There is no dispute amongst the parties as to whether KSNL is currently in possession of the N32TP. It is. The issue concerning this Court is whether KSNL's possession of the N32TP is lawful. It is not.

---

[3] *Id*.
[4] *Blue Sky Telluride, L.L.C. v. Intercontinental Jet Service Corp.*, 2014 OK CIV APP 39, 328 P.3d 1223.

KSNL asserts in its Reply that "KSNL lawfully possesses N32TP, and lawfully possessed N907KR prior to its release to Mission Air, pursuant to Mission Air's original authorization and then pursuant to its Liens."[5] This assertion is merely just that, an assertion, that is not supported by any corroborating evidence. KSNL has yet to provided through the discovery process nor through its pleading email correspondence, text message correspondence, affidavits of representatives, contracts or anything for that matter that shows KSNL was given authorization to perform the work it did. KSNL's failure to provide any such documentation reflecting authorization given to it is solely because no documentation exists because authorization was never given.

KSNL is currently aware and has been aware through the litigation of this matter that one of MAS' main assertions is that KSNL never had authorization to perform the work it did on the N32TP and N907KR. Yet at no point has KSNL provided MAS or the Court with documentation that would defeat MAS' claim about authorization.  Again, the reason KSNL has failed to provide such documentation is because none exists as authorization was never given to KSNL to perform the work it did.

## CONCLUSION

Defendant KSNL has failed to show that it has perfected its liens pursuant to law. Further, Defendant KSNL's Response[6] as well as any other pleadings fails to provide any evidence its possession of the aircrafts is and/or was lawful.  MAS maintains that it is still entitled to declaratory relief determining the liens are not valid as they were not recorded

---

[5] Doc. No. 30.
[6] Doc. No. 30.

in accordance with law and further KSNL did not and currently does not have lawful possession of the aircrafts.

**Ritchie, Rock & Atwood**

*s/ Nicholas Atwood*

_____
Nicholas Atwood, OBA No. 22052
Post Office Box 246
Pryor, OK 74362
(888) 848-4558
natwood@rrmalaw.com
**Attorney for Plaintiff
Mission Air Support, Inc.**

4

## **CERTIFICATE OF MAILING**

  I hereby certify that on this Friday, April 29, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Joshua D. Burns
Margaret M. Sine
Crowe & Dunlevy, PC
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
joshua.buyrns@crowedunlevy.com
meg.sine@crowedunlevy.com
**Attorneys for Defendant**
**KSNL Aero, LLC**

                *s/ Nicholas Atwood*
                _____
                Nicholas Atwood