## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MISSION AIR SUPPORT, INC. )
        )
  Plaintiff,    )
        )
v.         )   CIV-21-1034-D
        )
KSNL AERO, LLC,   )
        )
  Defendant.   )

## ORDER

Before the Court is Plaintiff Mission Air [sic] Inc.'s Motion for Declaratory Judgment Regarding Validity of Defendant's Purported Liens [Doc. No. 25]. The motion seeks an order declaring that two liens held by Defendant KSNL Aero, LLC on certain aircraft owned by Plaintiff are invalid. Defendant has responded in opposition [Doc. No. 30] and the matter is now at issue.

Plaintiff owns two aircraft – a Beechcraft King Air 200 N32TP and a Beechcraft King Air 200 N970KR – that were flown to Defendant's repair facility on May 7, 2021. Pl.'s Br. ¶¶ 1-3. On August 9, 2021, Defendant filed two separate statements claiming a lien on each aircraft "pursuant to Okla. Stat. tit. 42 §§ 91 et seq." for storage, material, and labor. *Id.* at ¶¶ 4-5, Def.'s Br. Ex. 1. After Plaintiff made the payments demanded by Defendant regarding the repairs to aircraft N970KR, Defendant released the aircraft and submitted a disclaimer of the lien to a title company. Pl.'s Br. at ¶ 6, Def.'s Br. Ex. 2 [Doc. No. 30-2]. Defendant has, however, retained possession of aircraft N32TP, claiming that Plaintiff owes it payment for repair work. Pl.'s Br. at ¶ 7.

Plaintiff initiated this action in state court asserting claims for Replevin, Loss of Revenue, Negligence, Trespass to Chattels, Equitable Relief, Concealment and Inspection, and injunctive relief. *See* Petition [Doc. No. 1-2]. Defendants removed the action and asserted counterclaims for breach of contract and foreclosure of the lien against aircraft N32TP [Doc. Nos. 1, 6]. Plaintiff now seeks a declaratory judgment that Defendant's liens on the aircraft are invalid. For several reasons, Plaintiff is not entitled to the relief it seeks.

To begin, Plaintiff's motion is procedurally improper. Under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, the proper procedure by which to obtain a declaratory judgment is to file "an appropriate pleading" seeking a declaration of rights. 28 U.S.C. § 2201(a). A "pleading" includes a complaint or an answer; it does not include a motion. Fed. R. Civ. P. 7(a). Plaintiff's Petition does not plead a claim for a declaratory judgment, nor does it so much as mention the liens it now seeks to have declared invalid. Plaintiff's belated "attempt to inject a declaratory judgment action into this proceeding by a motion many months after the filing of the [] complaint is inappropriate." *Est. of Gonzales ex rel. Gonzales v. Brown*, No. 12-CV-495-JED-PJC, 2014 WL 4748604, at *5 (N.D. Okla. Sept. 23, 2014).

In addition to being procedurally improper, the substantive arguments made in Plaintiff's motion are unpersuasive. Plaintiff first asserts that the liens are invalid because they were filed under the wrong statutory section. Specifically, Plaintiff argues that Defendant "filed its lien under [Okla. Stat. tit. 42] § 91 rather than § 91A." Pl.'s Br. at 3. Defendant does not dispute that § 91A governs the liens, but instead points out that its lien statements provide that they are filed "pursuant to Okla. Stat. tit. 42 §§ 91 et seq." Def.'s Br., Ex. 1. Of course, the term "et seq." is an abbreviation used to indicate "[a]nd those

2

(pages or sections) that follow." Black's Law Dictionary (11th ed. 2019). Thus, Defendant's reference to "§§ 91 et seq." is sufficient to encompass § 91A.

Plaintiff also argues that the lien on the N32TP aircraft is invalid because Defendant failed to foreclose on the lien within sixty days.[1] Although § 91A(B)(3) requires a lienholder to enforce its lien within sixty days of filing, this "provision applies only when the lienholder has lost possession" of the property. *Blue Sky Telluride, L.L.C. v. Intercontinental Jet Serv. Corp.*, 328 P.3d 1223, 1229 (Okla. Civ. App. 2014). Plaintiff concedes that Defendant still possess the aircraft but argues that Defendant does not "lawfully" possess the aircraft because there was no contract between the parties authorizing any repairs. Pl.'s Br. at 4. Defendants contest this assertion and Plaintiff has failed to offer any evidentiary support for its claims. The Court is not persuaded that it is appropriate to invalidate the lien based on Plaintiff's unsupported assertion that Defendant's initial possession of the aircraft was unlawful.

Accordingly, for the reasons explained above, Plaintiff's Motion for Declaratory Judgment Regarding Validity of Defendant's Purported Liens [Doc. No. 25] is DENIED.

**IT IS SO ORDERED** this 29th day of April, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

[1] Defendant makes the same argument with respect to the lien on aircraft N970KR. However, Defendant does not seek foreclosure of that lien and the aircraft was returned to Plaintiff's possession.