IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISSION AIR SUPPORT, INC.,  )<br>            )<br>     Plaintiff,  )<br>            )<br>v.          )     CIV-21-1034-D<br>            )<br>KSNL AERO, LLC,  )<br>            )<br>     Defendant.  ) | |

**ORDER**

Before the Court is Plaintiff's Renewed Application for Temporary Injunctive Relief or Alternatively Inspection [Doc. No. 26]. Defendant has responded in opposition [Doc. No. 32] and the matter is now at issue.

The Renewed Application seeks an order pursuant to Fed. R. Civ. P. 65 temporarily enjoining Defendant from tampering with an aircraft owned by Plaintiff or alternatively permitting an inspection of the aircraft.[1] Plaintiff has sought this same relief before. In an order dated December 10, 2021 [Doc. No. 13],[2] the Court denied Plaintiff's Motion for

---

[1] An evidentiary hearing is not necessary to resolve Plaintiff's motion because the parties have not requested a hearing and the material facts are not in dispute. *See Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191 (10th Cir. 1998) (finding that a district court is not required to hold an evidentiary hearing prior to resolving a preliminary injunction motion); *Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998) (noting that "a district court does not abuse its discretion in deciding not to hold an evidentiary hearing when no such request is ever made.").

[2] This December 10 order contains a detailed recitation of the relevant facts and the standard that apply when a litigant seeks a preliminary injunction. The Court adopts those statements for the purposes of resolving Plaintiff's renewed attempt to obtain an injunction.

1

Preliminary Injunction & Inspection [Doc. No. 7] because Plaintiff failed to show that it was likely to suffer an irreparable injury.

The basis of Plaintiff's Renewed Application is a report from the Federal Aviation Administration substantiating several complaints regarding maintenance work Defendant performed on another aircraft owned by Plaintiff. Plaintiff asserts that this report lends credence to its claim that Defendant has performed (or will perform) subpar repair work on the aircraft that is currently in Defendant's possession. Perhaps that is true, but even so, the report does nothing to show that Plaintiff is likely to suffer an imminent, irreparable injury absent court intervention.

As noted in the prior order, "purely speculative harm" or harm that can "be compensated after the fact by monetary damages" is not irreparable. *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003); *see also Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) ("It is also well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages."). Like in its previous motion, Plaintiff has failed to carry its burden of showing that it faces any significant risk of future harm or that such harm could not be compensated after the fact by monetary damages. Plaintiff's request for injunctive relief is based largely on complaints regarding past work (not future harm), and its concern that Defendant may continue to work on the aircraft is speculative. Moreover, even assuming that Defendant performed deficient work in the past and intends to perform more work on the aircraft in the future, the Court (once again) fails to see how money damages could not compensate Plaintiff for that injury.

Plaintiff's Renewed Application is largely a repetition of its prior, unsuccessful arguments and its only new evidence – the FAA report – does not show that Plaintiff is likely to suffer an irreparable injury. Accordingly, for the reasons explained above and in the order of December 10, 2021, Plaintiff's Renewed Application for Temporary Injunctive Relief or Alternatively Inspection [Doc. No. 26] is DENIED.

**IT IS SO ORDERED** this 29th day of April, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge